## CHARLESTON.

JOHNSON *et al. v.* WELCH *et al.*

Submitted January 22, 1896—Decided April 1, 1896.

1. PRINCIPAL AND AGENT—CONTRACTS—RATIFICATION.

 Where a proposition is made in writing by certain contractors to erect a church building for an amount named therein, in accordance with annexed specifications, which proposition is addressed to the building committee, and is accepted by W. and B., over their individual signatures, and the contractors proceed with the work, and receive a large portion of the pay therefor from the pastor of the church, representing the congregation, said contractors must be *held* to have contracted with W. and B. as the building committee of said church, and this contract is ratified by their proceeding with the work, and receiving compensation therefor from the pastor, representing the church.

2. PRINCIPAL AND AGENT—AGENT'S PERSONAL LIABILITY.

 An agent is not in any case liable in an action *ex contractu* unless the credit has been given to him, or he has expressly agreed to be liable; and, if there is a written contract, it must contain apt words to charge him.

3. PRINCIPAL AND AGENT—AGENT'S PERSONAL LIABILITY.

 A duly authorized agent, acting in behalf of his principal, is not personally responsible on the contract when the third party knows that he acts in the name and in behalf of the principal.

A. W. REYNOLDS and J. W. HALE for plaintiff in error, cited 1 Am. & Eng. Enc. Law, 401; 1 Chitty, Cont. (11th Ed.) 386; 25 W. Va. 387; 1 Wait, Act. & Def. 238, 239, 360.

HUGH G. WOODS for defendants in error, cited 1 Am. & Eng. Enc. Law, 401; 31 Am. Dec. 715; 17 Am. Dec. 529; 10 Am. Dec. 65; 34 Am. Dec. 41; 6 Am. Dec. 280.

ENGLISH, JUDGE :

This was an action of trespass on the case in *assumpsit*, brought by George S. Johnson and H. W. Foutz, doing

business under the firm name and style of Johnson & Foutz, against I. A. Welch and Reuben Boggess, in the Circuit Court of Mercer county, in which the plaintiffs sought to recover the sum of one thousand, nine hundred and five dollars and twenty five cents, for material furnished and labor expended by said plaintiffs at the instance and request of the defendants in building and erecting a certain church house near the mouth of Simmons creek, in Mercer county, W. Va. The defendants demurred to the plaintiffs' declaration. The demurrer was overruled. The defendants then pleaded *non assumpsit*, and issue was joined thereon. On the 26th day of November, 1894, the case was submitted to a jury, and resulted in a verdict for the defendants. The plaintiffs moved the court to set aside the verdict of the jury, and award them a new trial, and to arrest the judgment upon said verdict, which motion the court sustained, set aside the verdict, and awarded the plaintiffs a new trial, and the defendants excepted.

The contract upon which this suit is predicated reads as follows :

"Princeton, W. Va., Feb. 10th, '87. To the Building Committee of the Baptist Church, Simmons Creek, Mercer County, West Va.: We propose to erect and finish a church building according to the accompanying specifications made by (H. W. Foutz) for the sum of seventeen hundred dollars. Johnson & Foutz. $1,700.

"Bid accepted, at seventeen hundred dollars, to complete the church according to the accompanying specifications, and to do the stone work at $3.50 per cubic yard. I. A. Welch. Reuben Boggess."

The defendants obtained this writ of error, and claim that the court erred in setting aside the verdict, and awarding the plaintiff a new trial.

The question for our determination is whether the verdict rendered by the jury is warranted by the law and the testimony. When we look to the paper itself upon which the suit is predicated, we find it is addressed to the "Building Committee of the Baptist Church, Simmons Creek, Mercer County, West Va.," by the plaintiffs, Johnson & Foutz. It was a formal bid for the construction of the

church for the sum of one thousand and seven hundred dollars. They did not make the offer to build this church at the price named to any particular individuals, calling them by name, but the offer was made to the building committee of that church; and when the acceptance of that bid in writing to complete said church at that price according to the accompanying specifications was signed by I. A. Welch and Reuben Boggess, and the plaintiffs proceeded to build the church, they thereby recognized the defendants as the building committee to whom it was addressed, and the said Welch and Boggess acknowledged themselves to be the committee addressed by accepting said bid, over their signatures.

Under the title "Liability of Agents to Third Parties," p. 401, 1 Am. & Eng. Enc. Law, we find the law thus stated: "A duly authorized agent, acting in behalf of his principal, is not personally responsible on the contract when the third party knows that he acts in the name and on behalf of the principal." And in the foot note on same page it is said: "But the bare want of authority in an agent or trustee to bind the persons or estates for which he assumes to be acting does not render him individually liable where the facts and circumstances indicate that no such liability was intended by either of the parties." Applying this law to the facts of this case, it is apparent from the face of the paper itself that the proposition to erect the church for one thousand seven hundred dollars was not addressed to I. A. Welch and Reuben Boggess either as individuals or as a building committee, but was addressed to the "Building Committee of the Baptist Church, Simmons Creek, Mercer County, West Va."; and the plaintiffs concluded no contract with them as individuals when they accepted said bid, and said Welch and Boggess, in their individual capacity, could not have compelled a compliance with said bid, while as a building committee, recognized as such by the plaintiffs, they could have enforced compliance in accordance with the specifications attached. Again, in Bish. Cont. § 1078, the author states the law upon this question thus: "Where, evidently, on the entire face of the instrument, he was understood as acting merely for his principal, he incurs no

personal responsibility." Wait, in his work on Actions and Defenses, says (volume 1, p. 280): "The true rule is for the court to examine the whole instrument, and from that to determine what was the actual intention of the parties as to the party who was to have the right to enforce it. When the instrument is in writing, the construction is for the court, and upon the entire instrument." And, on page 122, the same author says: "In construing a contract, much light will be thrown upon the subject when the object and intent of the parties have been ascertained. The parties make the contract, and it may be assumed that they had the same purpose and object in the whole of it; and, if this purpose is more clear and certain in some parts than in others, those which are obscure may be illustrated and explained by the light of the other terms. And this is the reason for the rule that the exposition or construction of a contract is to be upon the entire contract in all its parts and terms, and not upon separate and disjointed portions of it."

In the case of *Smith* v. *Bond*, 25 W. Va. 387, it was held that in a chancery suit to require money to be paid on contract, where it appears that one of the parties who signed the contract had no interest in the subject, but was acting as agent merely, and the other contracting party knew that he was acting as agent for others, no personal decree can be had against such person for the repayment of money paid on such contract. In that case a party was allowed the refusal of a tract of land in Putnam county at a certain specified price. At the foot of the written proposal to sell the land at that price an acceptance thereof was written, in the following words: "I hereby accept of the refusal of said estate, upon the terms set forth, and consent and direct the title to be passed as therein specified. C. B. Dugan. New York, May 10, 1865." The proposal to sell was signed by "Thomas Bond, Treasurer of Trustees." It was shown that he acted as agent of the Great Kanawha Land Association. The object of the suit was to make him personally liable, but on parol proof of his representative capacity, this Court held that he was not individually liable. So, in the case of *Early* v. *Wilkinson*, 9 Gratt. 68, it appeared that a negotiable note, payable to Wilkinson &

Hunt or order, was signed "Robert H. Early" (for "Samuel H. Early"). It was held that parol evidence was admissible to prove that the note was intended to be the note of Robert H. Early. So, in the case we are considering, parol evidence was introduced which shows that the defendants were acting in the capacity of a building committee. The bid was not addressed to I. A. Welch and Reuben Boggess, but to the building committee of this particular church; and when accepted by these parties, the plaintiffs proceeded with the work, but the money that was paid them on the contract was paid by Mr. Wilson, the pastor representing the church. The defendant Welch testifies that no portion of the money for the construction of the church passed through his hands except the fifty dollars he subscribed, which he paid to Mr. Wilson, the pastor; and when Mr. Foutz, one of the plaintiffs, was asked the question, "To whom did you all extend the credit, to I. A. Welch and Reuben Boggess, or the building committee in the building of this church?" he answered, "I think it was to the committee;" while George S. Johnson says they extended the credit to the man who signed it, but he does not say in what capacity. The proposition or bid was made to the building committee. The defendants accepted it, and the plaintiffs proceeded with the work. By this action we can but conclude they recognized the defendants as the building committee, especially when H. W. Foutz (the one of the plaintiffs who signed the name of Johnson & Foutz to the bid, and who appears to have been the acting member of the firm in making the contract) says in his testimony that they extended the credit to the building committue. Upon this point we find the law stated in Mechem, Ag., in a note on page 386 (section 550) quoting from the opinion of Ellsworth, J., in the case of *Ogden* v. *Raymond*, 22 Conn. 379: "The authorities are somewhat conflicting as to the liability of an agent in actions *ex contractu*, but the weight of authority, we think, is that, to charge an agent in such action, the credit must have been given to him, or there must be an express contract, and, if there is a written contract, there must be apt words in it to charge him." See the case of *McCurdy* v. *Rogers*, 21 Wis. 199 (point 4 of syl-

labus) where that court holds: "The agent is not in any case liable in an action *ex contractu,* unless the credit has been given to him, or he has expressly agreed to be liable, and, if there is a written contract, it must contain apt words to charge him."

Now, when we take this contract by the four corners, and read it, we find nothing but an offer on the part of the plaintiffs to build this church in accordance with the specifications annexed, for one thousand seven hundred dollars. This offer is addressed or made to the "Building Committee of the Baptist Church, Simmons Creek, Mercer County, West Va.," and is accepted by I. A. Welch and Reuben Boggess; and when we look to the paper to see in what capacity, we must look at the whole paper, and that shows that they accepted it as and for the building committee, to whom the offer was made, and the plaintiffs ratified the contract by proceeding with the work, and receiving the greater portion of the money mentioned in the contract from the church, through its pastor, and receiving no part thereof from defendants as individuals.

For these reasons, my conclusion is that the court committed an error in setting aside the verdict of the jury, and the judgment complained of must be reversed, with costs and damages to the plaintiffs in error.