THOMPSON et al. v. MAUZY.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

No. 880.

1. APPEAL AND ERROR (§ 1008*)—REVIEW—FINDINGS BY COURT.

Where issues are tried by the court without the intervention of a jury, the court's findings of fact are entitled to great weight on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3969; Dec. Dig. § 1008.*]

2. BANKRUPTCY (§ 451*)—PROCEEDINGS—REVIEW—"CONTROVERSIES ARISING IN BANKRUPTCY PROCEEDINGS"—"PROCEEDINGS IN BANKRUPTCY."

Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), confers on the appellate federal courts jurisdiction of "controversies arising in bankruptcy proceedings," and section 24b declares that the Circuit Courts of Appeal shall have jurisdiction in equity to superintend and revise in matter of law the "proceedings of the several inferior courts of bankruptcy" within their jurisdiction. Held, that "controversies arising in bankruptcy proceedings" appealable under section 24a embrace questions between the trustee representing the bankrupt and his creditors, on the one side, and adverse claimants, on the other, not directly affecting the administrative orders and judgments ordinarily known as "proceedings in bankruptcy," which are confined to questions arising between the bankrupt and his creditors and are the very subject of such administrative orders and judgments, from the petition for adjudication to the discharge, including intermediate administrative steps,

---

and such controversies as arise between the parties to the bankruptcy proceedings as are involved in the allowing of claims and fixing their priorities, sales, allowances, and other matters which are disposed of summarily, and hence the term "controversies arising in bankruptcy proceedings" does not include an order dismissing a petition for the revocation of the bankrupt's discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 451.*

For other definitions, see Words and Phrases, vol. 1, pp. 703, 704.]

3. BANKRUPTCY (§ 461*)—APPEALS—TIME.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), authorizing an appeal from a judgment granting or denying a bankrupt's discharge if applied for within 10 days after a judgment is rendered, an appeal from an order denying an application to revoke a bankrupt's discharge, not taken within 10 days, was unsustainable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 920; Dec. Dig. § 461.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Northern District of West Virginia.

In the matter of M. Mauzy, bankrupt. From an order denying the application of Charles Thompson and others to set aside the bankrupt's discharge, they appeal. Dismissed.

C. O. Strieby, for appellants.

Fred. O. Blue and B. H. Hiner, for appellee.

Before PRITCHARD, Circuit Judge, and KELLER and McDOWELL, District Judges.

KELLER, District Judge. On February 3, 1906, the appellee filed his voluntary petition in bankruptcy, having theretofore, on December 3, 1904, made a general assignment to B. H. Hiner, trustee, for the benefit of his creditors, which general assignment is referred to in the schedule of assets attached to his petition.

On July 24, 1906, an order of discharge was granted to him; there having been no appearance entered on behalf of any creditor, before the referee.

On June 7, 1907, the appellants presented their petition seeking a revocation of the order of discharge under the provisions of section 15, Bankr. Act 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), which section reads as follows:

"The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

This petition and the answer of the bankrupt thereto were referred to George P. Sherley, one of the referees of the district, as a special master, to take the testimony and make report thereof to the court, and of his findings of fact, together with his recommendations in respect thereto.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Said special master made his report sustaining some of the allegations of fraud, and made recommendations concerning certain specific property claimed in the petition to be property of the bankrupt which had been fraudulently placed in the hands of others; but the special master made no recommendation relative to the revocation of the discharge, without which action no jurisdiction could vest in the court to do or perform any acts recommended in the report of the special master, in relation to the administration of the property alleged in the petition to be the property of the bankrupt's estate.

Upon exceptions by the bankrupt to the report of the special master, a trial was had before the judge of the District Court, upon all the evidence taken before the special master, and, for reasons assigned in a full and able written opinion, made a part of the record in this case, the judge entered an order, dated October 17, 1908, finding for the bankrupt upon the issues made by the petition and answer, and accordingly dismissed the petition for revocation of the discharge.

On November 18, 1908, the petitioners filed a petition for appeal to this court, together with an assignment of errors, and on the same day said appeal was allowed by the trial court.

The learned judge below based his action in refusing the revocation of this discharge upon the ground that the petitioning creditors failed to show themselves free from laches and knowledge of the facts prior to the granting of the discharge.

For reasons hereafter assigned, we do not and cannot pass upon the correctness of this finding; but we do not regard it as improper to point out that, inasmuch as the issues were tried without the intervention of a jury, the findings of the court as to the facts are entitled to great weight upon appeal.

However, the question arises at the threshold of this investigation: Under what provision of the bankruptcy act is this appeal before us?

The statutes which seem in any way applicable to this question are the following sections of the bankruptcy act:

"Sec. 24a. The Supreme Court of the United States, the Circuit Courts of Appeals of the United States, and the Supreme Courts of the territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"Sec. 24b. The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

"Sec. 25a. That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the territories, in the following cases, to wit, (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation as the case may be."

While the Supreme Court of the United States has not, so far as we are aware, directly decided what proceeding, if any, is appropriate

to review the decision of a District Court declining to revoke a discharge, there have been numerous decisions by District Courts, Circuit Courts of Appeal, and the Supreme Court of the United States, construing the several sections above quoted, and from the general trend of these decisions we make the following statement of conclusions:

That there is a clear distinction between "controversies arising in bankruptcy proceedings," as mentioned in section 24a, and the "proceedings in bankruptcy," which, by section 24b, the Circuit Courts of Appeal are given jurisdiction to superintend and revise "in matter of law"; the former being generally held to embrace questions between the trustee, representing the bankrupt and his creditors, on the one side, and adverse claimants, on the other, and not directly affecting those administrative orders and judgments ordinarily known as "proceedings in bankruptcy," and the latter being confined to those questions arising between the bankrupt and his creditors which are the very subject of such administrative orders and judgments, from the petition for adjudication to the discharge, and including the intermediate administrative steps, and such controversies as arise between parties to the bankruptcy proceedings as are involved in the allowance of claims, fixing their priorities, sales, allowances, and other matters to be disposed of summarily.

This distinction is emphasized by the provisions of section 23a, prescribing limitations of the Circuit Courts of the United States in controversies at law and in equity between trustees in bankruptcy, as such, and adverse claimants, concerning the property acquired or claimed by such trustees. In re Friend, 134 Fed. 778, 67 C. C. A. 500, and cases there cited.

The distinction between "controversies at law and in equity between trustees and adverse claimants," and "proceedings in bankruptcy," is pointed out and dwelt upon in Bardes, Trustee, v. First National Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; and, although that case was decided prior to the amendment of 1903 (section 23), it is quite as authoritative upon the question of this fundamental distinction as when it was rendered.

In Holden v. Stratton, 191 U. S. 119, 24 Sup. Ct. 45, 48 L. Ed. 118, the Supreme Court says:

"The distinction between steps in bankruptcy proceedings proper and controversies arising out of the settlement of the estates of bankrupts is recognized in sections 23, 24, and 25 of the present act, and the provisions as to revision in matter of law and appeals were framed and must be considered in view of that distinction."

Having adverted to some of the decisions emphasizing this distinction, it remains to classify the proceeding sought to be brought here by the appeal, and to determine whether it is properly before us. Clearly this is not one of the controversies arising in proceedings in bankruptcy provided for in section 24a, as to which the appellate courts are invested with appellate jurisdiction as in other cases, for the latter by judicial definition are limited to cases of the class referred to in section 23, Bankr. Act, as amended. Hence it becomes apparent

that the appeal to the Circuit Court of Appeals provided by said section 24a is not appropriate from an order dismissing a petition to revoke a discharge granted to the bankrupt.

Such an order is made in the course of "proceedings in bankruptcy," as broadly distinguished from "controversies arising out of proceedings in bankruptcy," and, if the right of appeal exists at all, it must be found in section 25a, which provides for appeal in three cases, viz.: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over.

The question whether an order such as the one appealed from is, in effect, an order granting a discharge, is, in view of the state of the record in this case, a matter of no direct consequence, because the appeal was not sued out in accordance with the provision of section 25a, not having been applied for within 10 days after the judgment was rendered.

No authoritative decision upon the question as to whether an order of this character is an order granting or denying a discharge has been found by us, and the text-writers seem to hold different views on the subject. See: Brandenburg on Bankruptcy (3d Ed.) § 598; Collier (7th Ed.) p. 297; 2 Remington. Bank. 1680, 1681.

We express no opinion upon this question because a decision upon that point is not required in this case, as we are perfectly clear that, if an appeal does lie in such a case, it is the appeal provided for in section 25a (upon the theory that such an order is, in effect, an order granting a discharge), and such an appeal must be taken within 10 days after the judgment is rendered.

The record shows that in this case the judgment was entered October 17, 1908, and the appeal was not applied for until November 18, 1908.

It results that the appeal must be dismissed for want of jurisdiction of this court to entertain it.

Appeal dismissed.