### ADAMS v. DECKERS VALLEY LUMBER CO. (two cases).

(Circuit Court of Appeals, Fourth Circuit. November 14, 1912.)

Nos. 1,071, 1,083.

1. BANKRUPTCY (§ 449*)—APPELLATE PROCEEDINGS—MODE OF REVIEW.

A judgment allowing a claim against the estate of a bankrupt for over $500 is reviewable by appeal only under Bankr. Act July 1, 1898, § 25a (3) c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 449.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 309*)—PROOF OF CLAIM—PARTNERSHIP OR INDIVIDUAL DEBT —CONSTRUCTION OF CONTRACT.

A contract for the purchase of property amounting to several thousand dollars in value in which the purchasers were named individually, followed by the statement that they were partners doing business under a firm name given, and which was signed and sealed by them individually, where the purchase was, in fact, made in connection with the business of the partnership which made the cash payment and executed the notes for the deferred payments in the firm name, held a partnership contract, under which on the bankruptcy of the firm and partners the claim of the seller was provable only against the partnership estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. § 309.*]

Petition for Revision of Proceedings of and Appeal from the District Court of the United States for the Northern District of West Virginia, at Parkersburg, in Bankruptcy; Alston G. Dayton, Judge.

In the matter of Creed Collins, bankrupt. From a judgment allowing a claim in favor of the Deckers Valley Lumber Company, Homer

Adams, trustee, files a petition for revision, and also appeals. Petition dismissed, and reversed on appeal.

S. A. Powell and Sherman Robinson, both of Harrisville, W. Va. (Robinson & Prunty, of Harrisville, W. Va., on the brief), for petitioner and appellant.

I. Grant Lazzelle, of Morgantown, W. Va. (Edgar B. Stewart, of Morgantown, W. Va., on the brief), for respondent and appellee.

Before PRITCHARD, Circuit Judge, and WADDILL and ROSE, District Judges.

WADDILL, District Judge. [1] The parties to this controversy are the trustee in bankruptcy of the individual estate of one Creed Collins on the one hand, and the Deckers Valley Lumber Company on the other. Collins, together with Charles W. Sprinkle and Elbert M. Bonner, were partners. They called their firm the Collins Company. It and each of its members as individuals have been adjudicated bankrupts. It is admitted that the appellee is a creditor of the firm in a large amount far exceeding $500. It says that such indebtedness is also the individual obligation of each member of the co-partnership. On this theory it is seeking to participate in the distribution of the assets of Creed Collins. The referee held that it was not entitled so to do. Upon petition for revision the court below reached the opposite conclusion. The trustee in bankruptcy on behalf of the individual estate of Creed Collins thereupon brought the case here both by petition to superintend and revise in matter of law and by appeal. The petition must be dismissed. The judgment complained of was the allowance of a claim of over $500. The trustee was entitled under section 25a of the Bankrupt Law (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) to appeal from it. He could not therefore have it reviewed by petition under section 24b. Matter of the Petition of Loving, Trustee, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

[2] The claim in dispute had its origin in a contract to which the appellee is the party of the first part. Such contract bore date May 1, 1907. In it the party of the second part was described as Creed Collins, C. W. Sprinkle, and E. M. Bonner, partners doing business under the firm name of the Collins Company, all of Pennsboro, W. Va. By the contract the party of the first part sold to the party of the second part all the trees on certain described tracts of land, and also much valuable machinery and other personal property. The trees were to be paid for when and as manufactured into lumber. Five thousand dollars of the purchase price of the other property was to be paid in cash, and for the balance the notes of the party of the second part for $500 each were to be given. The first of these notes was to mature in 15 days. Thereafter one note became due on the 15th day of each succeeding month until all had matured. The agreement contained a number of provisions which need not be here mentioned. In it the phrase "party of the second part" was used some 20 times. In one place the words "parties of the second part" were employed as in

202 F.—4

a line or two away "the party of the first part, a corporation" was referred to as the "parties of the first part." In one other place the phrase "second parties" is found. The record shows that the $5,000 cash called for by the contract was paid by the firm, and that the firm notes were given for the deferred payments. These notes were accepted by the appellee. It never asked for or received the individual notes of the members of the firm. The testimony shows that the firm was then engaged in the business of cutting and manufacturing timber and its members as individuals were not. The appellee says that, while all this may be true, the manner in which the contract was executed shows it was the individual undertaking of the three members of the firm and not a partnership obligation. To the contract each of the parties signed his individual name and affixed his own seal. In that part of the instrument the partnership name is not used. We do not think its omission significant.

In this case the parties thought it desirable to have their contract under seal. There were obvious reasons why it was desirable, if not necessary, that the instrument should be sealed. One partner has no authority to execute a sealed instrument on behalf of his copartners unless authority to do so is given him under their seals. Waldron v. Hughes, 44 W. Va. 129, 29 S. E. 505; Alexander v. Alexander, 85 Va. 365, 7 S. E. 335, 1 L. R. A. 125. There may be various ways of executing a sealed instrument on behalf of a firm. One of the best text-books on contracts speaking of this subject says:

"Whatever be the strict law as to the various possible methods of executing a specialty by a partnership, practically the individual names of the partners should be given in the body of the instrument, with the recitation that they are partners composing a firm also named; and each partner should with his own hand subscribe his name opposite his several seal. This will certainly be right, the proof be easy, and no unpleasant questions of law or fact can follow." Bishop on Contracts, § 1150.

This was precisely what was done in the case at bar. The three members who composed the firm of the Collins Company in the body of the instrument gave their names, said they were partners doing business under the firm name of The Collins Company, and described the Collins Company as the party of the second part. They each then signed the instrument and affixed their individual seals. Even in executing a simple contract on behalf of a firm, a partner may, if he sees fit, instead of following the usual practice of signing the firm name, write the names of the individual partners. Bishop on Contracts, § 1149, and cases there cited.

Of course, whenever the individual members sign their individual names, and not the firm name, there must be something either in the agreement itself or in the nature of the transaction to which it relates which shows it to be a partnership undertaking. The parties may in the contract itself describe it as a partnership undertaking. In this case they have said so. The contract starts out by declaring that it is made by them as partners. It could not be questioned that, if after their signatures and seals they had added the words "partners doing business under the firm name of The Collins Company," it would

have been a partnership contract. If immediately before their signatures had been written "The Collins Company by," there would have been equally little room for question. It makes no difference that the same words in effect were used at the beginning of the instrument, and that the terms of the contract are found between them and the signatures. Johnson v. Welch, 42 W. Va. 18, 24 S. E. 585; Sanborn v. Neal, 4 Minn. 126 (Gil. 83), 77 Am. Dec. 502.

In this case it is unnecessary to inquire to what extent and under what limitations parol evidence is admissible to show that a contract, apparently that of individuals, was, in fact, a partnership undertaking or vice versa. In this case the same conclusion must be reached, whether we confine our attention to the words of the contract or take into account the testimony already summarized.

It follows that the decree below, by which the referee was directed to allow the claim of the appellee against the individual estate of Creed Collins, must be reversed. The claim has already been allowed against the firm estate. The propriety of this latter allowance is not questioned. If there shall be any surplus of the individual estate of Creed Collins remaining after the payment of his individual debts, this claim, like all others allowed against the partnership of which he is a member, will participate in its distribution.

Petition to review in No. 1,071 dismissed. Decree in No. 1,083 reversed.