## In re CAPONIGRI.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

### No. 50.

BANKRUPTCY (§ 266*)—TRUSTEE'S SALE—SETTING ASIDE.

Where, though the terms of a sale by a trustee in bankruptcy stated plainly that only the right, title, and interest of the trustee was being sold, after they were read, and after some discussion as to which of two parcels was incumbered by a mortgage, the purchaser asked which parcel was being sold, and was told that it was a lot on Twenty-First street, which lot was conveyed by the bankrupt long before the bankruptcy by warranty deed, the court in accordance with the standard of fair dealing properly relieved the purchaser of his bid.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 266.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

Proceeding in the matter of Maria F. Caponigri, bankrupt. On petition by Walter Cook, Jr., as trustee, to revise an order denying a motion to confirm the report of a special master, and relieving the purchaser at public auction of the right, title, and interest of the bankrupt in certain property in the borough of Brooklyn, city of New York. Order affirmed.

F. E. M. Bullowa, of New York City, for petitioner.

J. H. Zieser, of New York City, for respondent.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. The terms of sale stated quite plainly that it was only the "right, title, and interest of the trustee" which was being sold. But after they were read, and after some discussion as to which of two parcels it was which was incumbered by a mortgage, the purchaser, before the parcel now in question was struck down to him, asked the trustee what he was then selling, and was told it was "a lot on Twenty-First street." Long before the bankruptcy the bankrupt had conveyed these premises to one Francesco Marino, by warranty deed recorded in 1903. In view of these circumstances we concur with Judge Hand in the conclusion that, "in accordance with the standard of fair dealing which a court of equity should itself exemplify," the purchaser should be relieved from his obligation to carry out his bid of $700.

The order is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes
210 F.—57