## ENRIQUE CERECEDO, Plff.,

*v.*

## JOSÉ MARÍA CALDERÓN, Dft.

---

San Juan, Law, No. 974.

ON MOTION FOR WRIT OF ERROR.

Bankruptcy Law—Complete.
    1. The bankruptcy law is a system complete in itself, and necessarily exclusive.

Bankruptcy Law—Administration.
    2. All matters connected with the administration of a bankruptcy estate and bankruptcy proceedings are exclusively governed by the provisions of the bankruptcy law. These are steps in bankruptcy.

Bankruptcy—Controversy.
    3. If the question is not as to administration of assets, but as to whether certain property is assets of the estate or not, there is a

NOTE.—As to whether question relating to bankruptcy is a Federal question, see note in 62 L.R.A. 535.

Cerecedo v. Calderón.

controversy arising in bankruptcy proceedings, which is not necessarily cognizable in a Federal court.

Appellate Jurisdiction—Judicial Code, § 252.

4. Judicial Code, § 252, is a re-enactment of § 24(a) of the bankruptcy act of 1898. The words "appellate jurisdiction" therein used are to be taken in a general sense, and not confined to appeals in equity. They embrace also writ of error at law.

Appellate Jurisdiction—Controversy in Bankruptcy.

5. The distinction between law and equity is preserved in the Federal courts. An appeal is proper in equity and a writ of error at law.

Supreme Court—Appellate Jurisdiction in Bankruptcy.

6. The Supreme Court has appellate jurisdiction from the district of the United States for Porto Rico only in cases of $5,000, with certain exceptions, amongst which are steps in bankruptcy. The appellate jurisdiction as to controversies arising in bankruptcy is limited to amounts exceeding $5,000.

Federal Question—Bankruptcy.

7. An appeal does not lie in a controversy as in bankruptcy on the theory that the bankruptcy law presents a Federal question. A Federal question is presented in an appeal as to steps in bankruptcy, but not as to controversies arising in bankruptcy proceedings.

Opinion filed May 20, 1914.

*Messrs. Savage & Francis* for motion.

*Mr. H. G. Molina* for Enrique Cerecedo.

HAMILTON, Judge, delivered the following opinion:

The trustee in the bankruptcy estate of José Villa Espetery brought suit on the law side of this court against José María Calderón to recover money alleged to have been withdrawn by

Cerecedo v. Calderón.

the defendant, as a special partner, from the firm. Judgment was rendered for the plaintiff for a sum exceeding $2,000. The defendant now files a petition for a writ of error from this court to the Supreme Court. The application is resisted on the ground that this is not a case for which any review by the Supreme Court is provided by statute.

1. The bankruptcy law is a system complete in itself, except so far as it adopts equity or common-law rules. Being a complete system, it is therefore necessarily exclusive in all matters within its scope. Tefft, W. & Co. v. Munsuri, 222 U. S. 114, 121, 56 L. ed. 118, 121, 32 Sup. Ct. Rep. 67.

2. The bankruptcy act, however, covers other matters than bankruptcy proceedings. All matters connected with the administration of a bankrupt estate are bankruptcy proceedings and are governed by the provisions of the bankrupt law exclusively. Appeals can be had in such instances only according to the provisions of that act. If no appeal is provided therein, none can be allowed. Tefft, W. & Co. v. Munsuri, 222 U. S. 114, 118, 56 L. ed. 118, 121, 32 Sup. Ct. Rep. 67.

3. Inasmuch, however, as the trustee has to collect in assets, there may arise conflicts as to what are within the scope of bankruptcy, and what are without it. If, for instance, a trustee seeks to subject property which may or may not belong to the bankrupt, this is not a step in bankruptcy, but is a controversy arising in bankruptcy proceedings. Coder v. Arts, 213 U. S. 223, 53 L. ed. 772, 29 Sup. Ct. Rep. 436, 16 Ann. Cas. 1008. This class of cases is governed by an entirely different rule, and is not necessarily cognizable in a Federal court. When such proceedings are brought there, it is a matter of convenience, and not because it is a matter of bankruptcy. That may be

the very question at issue. An instance in point may occur at the very beginning of the bankruptcy proceedings. If creditors' file a petition and the debtor denies bankruptcy and demands a jury, this proceeding is to all intents and purposes a common-law action (although in this instance necessarily in the Federal court), and both the conduct of the jury trial and of further proceedings in an appellate court is governed entirely by the usual forms of procedure in common-law cases. Elliott v. Toeppner, 187 U. S. 327, 47 L. ed. 200, 23 Sup. Ct. Rep. 133; Thompson v. Mauzy, 98 C. C. A. 457, 174 Fed. 611.

The case at bar is of such a character. Being a suit by a trustee to subject property denied by the defendant as being bankruptcy assets, it was not a step in bankruptcy, but a controversy arising out of bankruptcy proceedings.

4. The defendant in this cause claims the right of appeal from the judgment of this court under § 252 of the Judicial Code [36 Stat. at L. 1159, chap. 231, Comp. Stat. 1913, § 1229], which is a re-enactment of § 24a of the bankruptcy act of 1898. That section reads as follows: "The Supreme Court of the United States is hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings, from the courts of bankruptcy, from which it has appellate jurisdiction in other cases; and shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the supreme court of the District of Columbia."

On the other side, it is contended that this section relates only to appeals and that, under General Order No. 36, the time for appeals is limited to thirty days.

Under the Federal system the distinction between equity

and common law is strictly preserved. An appeal which brings up both law and facts lies only in equity cases, and in common-law matters, such as jury trials, the remedy is a writ of error, which brings up the matter of law only. Elliott v. Toeppner, 187 U. S. 327, 334, 47 L. ed. 200, 203, 23 Sup. Ct. Rep. 133. It is not to be supposed, however, that controversies would arise out of bankruptcy proceedings only in matters cognizable in equity. Indeed, the Supreme Court in the case of Elliott v. Toeppner held that a writ of error lies in jury cases. See also Frederick L. Grant Shoe Co. v. W. M. Laird Co. 203 U. S. 502, 51 L. ed. 292, 27 Sup. Ct. Rep. 161. But these cases came up to the Supreme Court by way of review from the circuit courts of appeals, to which court they had been taken, and from which court they were brought under § 25 of the bankruptcy act. The question at present is, Do the words "appellate jurisdiction" in § 24a authorize the writ of error in such a case as at bar, or are they to be limited to strictly matters in equity? The next section (25) sends certain matters to the circuit court·of appeals in strictly bankruptcy administration, but it also provides for a review of controversies by means of certiorari.

5. It is, of course, true that the word "appellate" may be used in a general sense. The generic word for a review by a higher court is "appeal." "Appellate" may indicate rather the result than the method of review, and cover both appeals proper and writs of error. It has been held that "§ 24a relates to controversies arising in bankruptcy proceedings in the exercise by the bankruptcy courts of the jurisdiction vested in them at law and in equity by § 2, to settle the estates of bankrupts, and to determine controversies in relation thereto." Hewit

Cerecedo v. Calderón.

v. Berlin Mach. Works, 194 U. S. 296, 300, 48 L. ed. 986, 987, 24 Sup. Ct. Rep. 690. This case was itself one of appeal proper, and the point that § 24a covers jurisdiction vested in bankruptcy courts at law as well as in equity may not be necessary to the determination of that case. It would seem to provide a double remedy, inasmuch as in § 25b "controversies may be certified to the Supreme Court of the United States from other courts of the United States." Following the Hewit Case, however, this court holds that a writ of error will lie in a proper case.

6. What, however, is a proper case? Section 24a goes on to speak of this appellate jurisdiction as "arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." The Supreme Court, of course, has general appellate jurisdiction from the district court of the United States for Porto Rico, but it has such jurisdiction under Judicial Code, § 244, only in cases of $5,000, unless the suit relates to copyright or similar matters, to which may be added steps in bankruptcy proceedings as such. We do not take it that the words "appellate jurisdiction in other cases" can be said to apply to such other case where an appeal will not lie, such as a case here under $5,000.

7. It may be contended, however, that a controversy of the nature of that at bar is one which involves a Federal question under § 244 of the Judicial Code (somewhat as in the case of Revised Statutes, § 709) where money value is immaterial. The theory of this contention is that a law of the United States is in question, inasmuch as the bankruptcy statute is such a law, and the controversy is whether the trustee appointed thereunder has the right to a certain fund or not. This would be

Cerecedo v. Calderón.

going too far, as its principle would include every matter whatsoever arising not only in steps in bankruptcy, but in collateral controversies growing out of bankruptcy proceedings.

The conclusion, therefore, is that in such controversies the jurisdictional amount controls, and that, as this claim is one under the jurisdictional amount provided for writ of error from this court, the application must be denied.

It is so ordered.