### In re SHIDLOVSKY.

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

No. 315.

BANKRUPTCY ☞440—ORDER REQUIRING BANKRUPT TO TURN OVER PROPERTY —MODE OF REVIEW.

An order of court in bankruptcy requiring a bankrupt to turn over property to his trustee, entered on exceptions to a special master to take testimony and report under order requiring the bankrupt to show cause why he should not be compelled to turn over a specified sum to his trustee, is reviewable only by petition to revise, under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608), and is not appealable under sections 24a, 25a (section 9609).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ☞440.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Southern District of New York.

Samuel Dickstein, of New York City, for plaintiff in error.

Stern, Barr & Tyler, of New York City (Henry C. Moses, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. December 14, 1913, Sussman Shidlovsky, a manufacturer of dresses, carrying on business under the name of S. Shidlovsky & Co., having collected accounts to the amount of $2,262.24, disappeared, and did not return to the city for about a month.

December 15th an involuntary petition in bankruptcy was filed against him and a receiver appointed.

February 6, 1914, the receiver obtained an order requiring Shidlovsky to show cause why he should not be compelled to turn over $1,773.59 to him.

February 9, 1914, the matter was referred to a special master to take testimony and report.

October 8th the special master reported that the bankrupt had collected $2,262.24 and had not accounted for the disposition of such moneys in the sum of $810, and that he should be ordered to turn that amount over as moneys in his possession to the trustee.

November 13th Judge Learned Hand, upon exceptions filed by the trustee to the report, entered an order requiring the bankrupt to pay over $1,470 to the trustee.

November 21st the bankrupt took this appeal.

We think this was a step in the bankruptcy proceedings from which no appeal lies under section 24a, and as the claim does not fall within any one of the three categories in which appeals in bankruptcy proceedings are permitted by section 25a, the only remedy was by petition to revise, under section 24b. In re Mertens, 142 Fed. 445, 73 C. C. A. 561; Kirsner v. Taliaferro, 202 Fed. 51, 120 C. C. A. 305.

Appeal dismissed.