## HORTON v. MENDELSOHN et al.

### (Circuit Court of Appeals, Third Circuit. April 3, 1918.)

### No. 2315.

BANKRUPTCY ☜440—APPEAL—JURISDICTION OF COURT OF APPEALS.

Neither under Bankruptcy Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (Comp. St. 1916, § 9608), nor section 25a (Comp. St. 1916, § 9609), has the Circuit Court of Appeals jurisdiction to review on appeal an order of the bankruptcy court concerning the commitment of a bankrupt for contempt for not complying with an order to turn over to his trustee property belonging to the bankrupt estate, but that question is reviewable only by petition to revise under section 24b.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

In the matter of the Bankruptcy of Moses Mendelsohn and Samuel Mendelsohn, as individuals and copartners trading as Mendelsohn Bros. A rule issued, on petition of Charles H. Horton, trustee, requiring the bankrupts to show cause why they should not be attached for contempt for failure to comply with an order directing them to turn over to their trustee funds found to have been concealed, was discharged, and the trustee appeals. Dismissed.

Lee P. Stark and George D. Taylor, both of Scranton, Pa., for appellant.

R. L. Levy and H. W. Mumford, both of Scranton, Pa., and E. H. Delaney, for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. On petition charging the bankrupts with concealing from the trustee property belonging to the bankrupt estate, the referee, after hearing, found that the bankrupts had retained and concealed $2,168.21, and, accordingly, entered an order directing them to turn over that sum to the trustee. Upon their failure to comply with the order, the trustee obtained a rule on the bankrupts to show cause why they should not be attached for contempt. The court, after hearing, discharged the rule. The trustee appealed.

The questions raised on appeal are in the main questions of fact as distinguished from matters of law. They arise from the fact that the bankrupts filed in the contempt proceeding the same answer in substance that they had filed in the turnover proceeding, and supported it in part by the same testimony. This was, that they had no money to conceal in the first instance, and, therefore, in the second instance, they had no money to turn over. The trustee maintains that while this defence was appropriate to the turnover proceeding, it was there adjudged against the bankrupts and finally disposed of, and, therefore, it could not be employed as a defence in a contempt proceeding where the issue only concerned the bankrupts' present ability to pay the money which the court had previously decided the bank-

rupts had. Stated differently, the trustee maintains, that on authority of In re Epstein (D. C.) 206 Fed. 568, and 210 Fed. 236, 127 C. C. A. 54, the turnover order was a final adjudication that the bankrupts had money and had concealed it, and that that adjudication concluded the court as well as the bankrupts as to that fact. But the trustee complains, that the court did not so regard the turnover order, but, in effect, set it aside by considering again the defence there made and by accepting the evidence there produced as evidence of the bankrupts' present inability to comply with the turnover order.

The single question whether in the contempt proceeding the trial judge disregarded the legal force of the final order in the turnover proceeding by opening the question of the bankrupts' possession and concealment of property and applying the evidence on that issue to the issue in the contempt proceeding affecting the bankrupts' present ability to turn over the money ordered—contrary to the rule In re Epstein—is a matter of law which the trustee might properly have raised by petition to review and revise (although it is perfectly clear from expressions in his order, quoted literally from the opinion of In re Epstein, that the trial judge had that decision before him, and, in an attempt to follow it, treated "as settled beyond further controversy" the fact that the bankrupts did have money and did conceal it, and that all he intended to decide in the contempt proceeding was the question whether the bankrupts were "merely defying the order" or were "really unable to obey" it). But the case is not before this court on petition to review and revise the court's order in a matter of law. It is here on appeal, charging error to the court, not only in disregarding the legal force of the turnover order, but in deciding matters of fact, which involve evidential inferences, competency of witnesses to give certain testimony, and generally the sufficiency of the evidence to sustain the court's order discharging the rule. Our first, and indeed, our final, inquiry in this case is whether this court has jurisdiction on appeal to review this contempt proceeding.

The appellate jurisdiction of Circuit Courts of Appeals over controversies arising in bankruptcy proceedings is conferred, of course, by the Bankruptcy Act. Judicial Code (Act March 3, 1911, c. 231) § 130, 36 Stat. 1134 (Comp. St. 1916, § 1122). We find nothing in the Act which confers appellate jurisdiction upon this court over a controversy of this kind. Such jurisdiction certainly is not conferred by section 25a; nor is it conferred by section 24a, where, as here, the question determined by the order of the bankruptcy court is between the bankrupt and his creditors and is of an administrative character. In re Mueller, 135 Fed. 711, 68 C. C. A. 349, cited and approved In the Matter of the Petition of Loving, Trustee, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725. All Circuit Courts of Appeals in which the question has arisen have held, so far as we are informed, that an order of a court of bankruptcy concerning the commitment of a bankrupt for contempt for not complying with an order to turn over to his trustee property belonging to the bankrupt estate is reviewable only by petition to revise under section 24b. The cases are cited and considered in Kirsner v. Taliaferro, 202 Fed. 51, 54, 55, 126 C. C. A. 305.

We are of opinion that a question of the propriety of an order of the court of bankruptcy, committing or refusing to commit a bankrupt for contempt in failing to obey an order to turn over property to the trustee, is not within the appellate jurisdiction of this court, and, therefore, we direct that the appeal be dismissed.