In re REILLY et al.

KNAPPENBURG v. ROWAN.

(Circuit Court of Appeals, Second Circuit. May 16, 1919.)

No. 74.

1. BANKRUPTCY ☞440—REVIEW—PETITION TO REVISE.

Bankruptcy court's order requiring bidder to pay balance of purchase price for bankrupt's property is reviewable by petition to revise, under Bankruptcy Act, § 24 (Comp. St. § 9585), but not by appeal.

2. BANKRUPTCY ☞440—PERFECTING APPEAL—DISMISSAL.

A bankruptcy court's order, improperly sought to be reviewed by appeal, instead of by a petition to revise, will be dismissed.

Appeal from the District Court of the United States for the Western District of New York.

In the matter of John H. Reilly and Thomas P. Reilly, individually and as copartners under the firm name and style of Reilly Bros., bankrupts. From an order requiring James A. Rowan to pay the balance of purchase price bid for the bankrupts' assets, Rowan appeals. Appeal dismissed.

An order in bankruptcy was made requiring appellant, a purchaser at a sale of the assets of the bankrupts, to pay the balance of the purchase price on the bid made by him for such assets. This appeal is from the order.

George A. King, of Dansville, N. Y., for appellant.
C. W. Knappenberg, of Dansville, N. Y., pro se.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Reilly Bros. were adjudicated bankrupts, and their assets, consisting, among other things, of card records, were sold by the trustee appointed in bankruptcy proceedings, at public auction. The appellant, James A. Rowan, was the highest bidder, and his bid was accepted. He refused to pay the balance of the purchase price. Thereupon the trustee obtained an order to show cause, returnable before the District Court on May 15, 1916, requiring him to show cause why he should not pay the balance of the purchase price, as he bid, for these card records. The card records comprised a mailing list of Reilly Bros. The reason for refusal of payment was the claim of breach of warranty made by the trustee at time of sale; it being claimed that the list did not contain the number of names as represented. It is claimed that the trustee represented, at the time of sale, a mailing list of some 67,000 names of retail and wholesale customers and also prospective customers of Reilly Bros., and which list had been valued by appraisers at $4,000. It is claimed that, of the list

delivered by the trustee, there were but 35,393 names of customers. and prospective customers of Reilly Bros., and that the balance, as delivered, were Boyd City Dispatch lists—lists of fruit syrup manufacturers. Reilly Bros. were engaged in the nursery stock business.

This controversy was submitted by the District Judge to the referee, to determine whether or not there were misrepresentations made. The referee has reported against the claim of the appellant, and his report has been confirmed by the District Judge. Rowan, feeling aggrieved, has appealed here.

[1] The practice followed in preparing and carrying on this appeal is contrary to the well-settled rules of this court. It is a proceeding in bankruptcy, and should have been brought to our attention by a petition to revise under Bankruptcy Act July 1, 1898, c. 541, § 24, 30 Stat. 545 (Comp. St. § 9585). Such practice was approved and is settled in this court. In re Franklin Brewing Co., 249 Fed. 333, 161 C. C. A. 341; In re Caponigri, 210 Fed. 897, 127 C. C. A. 466.

[2] We have uniformly held that where the aggrieved party does not proceed to bring his appeal to this court, according to the rules laid down by the court, we will not entertain such an appeal. In re Shidlovsky, 224 Fed. 450, 140 C. C. A. 654; Kirsner v. Taliaferro, 202 Fed. 51, 120 C. C. A. 305; In re Mertens, 142 Fed. 445, 73 C. C. A. 561.

Appeal dismissed.