## HENKIN v. FOUSEK.

(Circuit Court of Appeals, Eighth Circuit. July 7, 1920.)

No. 5164.

**1. Bankruptcy ⚖═440—Order adjudging bankrupt in contempt reviewable by petition to revise.**

An order adjudging a bankrupt in contempt for failure to comply with a prior order requiring him to turn over property to his trustee *held* one made in a bankruptcy proceeding, and, not being appealable under Bankruptcy Act, § 25a (Comp. St. § 9609), reviewable only by petition to revise under section 24b (section 9608).

**2. Bankruptcy ⚖═440—Proceedings for review mutually exclusive.**

The remedies by petition to revise in matter of law and by appeal, given by Bankruptcy Act, §§ 24b, 25a (Comp. St. §§ 9608, 9609), are mutually exclusive.

Appeal from the District Court of the United States for the District of South Dakota.

In the matter of Louis Henkin, bankrupt; Charles B. Fousek, trustee. From an order adjudging him in contempt, the bankrupt appeals. Dismissed for want of jurisdiction.

See, also (C. C. A.) 262 Fed. 957.

E. E. Wagner, of Sioux City, Iowa, for appellant.

Roy B. Marker, of Sioux Falls, S. D. (Cherry & Marker, of Sioux Falls, S. D., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. This is an appeal from an order adjudging appellant a bankrupt guilty of contempt in failing and refusing to pay over to the appellee as trustee in bankruptcy the sum of $6,000, in compliance with an order of the referee in bankruptcy finding such amount of money to have been concealed by said bankrupt from said trustee, and further adjudging that appellant be committed to jail until such time as he should purge himself of such contempt by paying to the trustee such sum of $6,000. Briefly stated the errors assigned by appellant for a reversal of the judgment below are two in number: (1) The evidence before the court at the hearing which resulted in the order complained of does not show by positive and convincing proof, and beyond all reasonable doubt that the bankrupt actually had the physical possession of said sum of $6,000 and the ability to pay it over to the trustee. (2) That the court erred in sustaining the objection made by the trustee's counsel to a question propounded to the bankrupt. These two assignments of error present questions of law only.

The question as to the sufficiency of the evidence to justify the order appealed from is the same as the question which arises on the assignment of error that the trial court erred in refusing to direct a verdict, and the error assigned as to the sustaining of the objection to the question asked the bankrupt of course presents a question of law. In this condition of the record, counsel for appellee insists that the ap-

peal should be dismissed for want of jurisdiction in this court to entertain the same. The jurisdiction of this court to review the judgments of courts of bankruptcy by appeal is provided for in sections 24a and 25a, 30 Stat. 553 (Comp. St. §§ 9608, 9609). Under the provisions of section 24a this court has appellate jurisdiction "of controversies arising in bankruptcy proceedings." Under the provisions of section 25a it has appellate jurisdiction from judgments "in bankruptcy proceedings" in the following cases: (1) Adjudging and refusing to adjudge the defendant a bankrupt. (2) A judgment granting or denying a discharge. (3) A judgment allowing or rejecting a debt or claim of $500 or over. It is now the settled law that "controversies arising in bankruptcy proceedings" referred to in section 24a are different from and do not include "bankruptcy proceedings" referred to in section 25a. Controversies arising in bankruptcy proceedings being appealable under the general appellate jurisdiction of this court while our appellate jurisdiction in bankruptcy proceedings is limited by section 25a as above described. In re Loving, Trustee, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Century Savings Bank v. Robert Moody & Son et al. (C. C. A.) 209 Fed. 775 ; Thompson et al. v. Mauzy, 174 Fed. 611, 98 C. C. A. 457; Morehouse v. Pacific Hwd. & Steel Co., 177 Fed. 337, 100 C. C. A. 647; Kirsner v. Taliaferro, 202 Fed. 51, 120 C. C. A. 305; In re Mertens, 142 Fed. 445, 73 C. C. A. 561; In re Shidlovsky, 224 Fed. 450, 140 C. C. A. 654; Knappenburg v. Rowan, 258 Fed. 121, 169 C. C. A. 207; Adams v. Deckers Valley Lumber Co., 202 Fed. 48, 120 C. C. A. 302; Henkin v. Fousek, 246 Fed. 285, 159 C. C. A. 15; Horton v. Mendelsohn, 249 Fed. 185, 161 C. C. A. 221; In re Mueller, 135 Fed. 711, 68 C. C. A. 349.

[1] We are clearly of the opinion that the order from which the present appeal is taken was made in a bankruptcy proceeding within the meaning of section 25a. It was a proceeding to compel the bankrupt to turn over to the trustee for the benefit of creditors money which the court had found was in his possession at the time he was ordered to turn the same over to the trustee, and which it also found belonged to the bankrupt estate for the benefit of creditors. When the turn over order was made appellant sought to have the same reviewed by this court in matter of law. Henkin v. Fousek, 246 Fed. 285, 159 C. C. A. 15. In that case this court decided that the bankrupt in coming to this court by a petition to revise had pursued the proper remedy. This was in effect to decide that the proceeding in which the turn over order was made was a bankruptcy proceeding. If the proceeding in which the turn over order was made was a bankruptcy proceeding then a proceeding to enforce the turn over order necessarily would be a bankruptcy proceeding. By section 24b, 30 Stat. 553, this court has jurisdiction to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. It is now the settled law that the remedy provided by this section and the appeals provided for in section 25a are mutually exclusive. In re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725;

In re Mueller, 135 Fed. 711, 68 C. C. A. 349; Century Savings Bank v. Robert Moody & Son et al., supra.

[2] We have examined all the cases that we have been able to find where contempt orders of the character sought to be reviewed in this case have been taken to the several United States Circuit Courts of Appeal and in every instance where the question was raised it has been decided that the proper proceeding is by petition to revise. Kirsner v. Taliaferro, 202 Fed. 51, 120 C. C. A. 305, where the several cases seeking to review contempt orders are cited. The decisions in the cases cited to the effect that the proper remedy is by petition to revise, necessarily are decisions in support of the proposition that the proceeding is a bankruptcy proceeding. It therefore results that we have no appellate jurisdiction in the present case for none is given by section 25a. As the questions sought to be reviewed are questions of law only, it would seem that the only remedy provided for is that mentioned in section 24b, and if that is so it would furnish another reason why the appeal is not proper in this case, because if the remedy is provided for by section 24b it excludes the appellate jurisdiction provided for by 25a.

Appeal dismissed for want of jurisdiction.