were too low, but that with an increase of soap to "equal proportions" with the oil, there was every reason to suppose that the melting point of even claim two would have been attained.

■ If the claims, read as they must be without the elimination of glycerin, are valid at all, it can therefore be only because it was an invention to increase the percentage of soap from 37% to 46%, and that too in a situation where none of the conventional earmarks of invention are present. The art had not had to await the grease after the need for it arose. It is true that the heavier locomotives began to be used in 1919, say three years before it appeared, but the demand had not been immediately pressing, and was fulfilled directly it became so. There is no evidence that meanwhile others had been trying to find a proper grease and had failed. On the contrary by 1919 the Atlantic Refining Company had made that which we have described and which differed only in the proportion of soap. There was nothing critical in that difference; oil is the only lubricant, the soap is merely a carrier; the optimum would be pure oil, if it could only be kept in place. The inventors had merely found a new equilibrium between factors whose action and resultant were well known. Given the need, these pointed at least to experiments out of which the right grease would inevitably be detected. No more was needed than intelligence to perceive the cause of the failure of the old "water-grease" to meet the new conditions, and application of the well-understood principles of grease-making. So far as it was also necessary to eliminate glycerin, that the inventors did not understand, or in any case did not disclose. If they had, the simplest way would have been by confining the fat ingredient to fatty acids; that is the defendant's way. It was misleading to group together "fatty oils and fatty acids" (page 1, lines 53–54), as equally employable, and not even to intimate that they must be treated differently; in one case making sure to eliminate glycerin. Finally, although it is quite true that the grease has had great vogue, it is not universal; the Pennsylvania Railroad still uses "water-grease." The patent seems to us another instance of a kind which must become more and more common, as the arts advance in understanding and multiplication of detail, only a corollary of what had gone before, demanding no more than the competent use of knowledge already at hand. Courts have always discouraged efforts to dress up such advances, when exploited by well organized selling, as invention; that discouragement was never more proper than at the present time, at least while the patent law remains as archaic as it is. Perhaps if its presuppositions—now three hundred years old and not in their origin the result of inquiry—were reëxamined, it might transpire that pushing a new article into general acceptance is as deserving of reward as its invention, certainly if the test of invention be as factitious and subjective as it now is. But until that day comes, as it probably never will while the system lasts, we must continue to proceed as though we were dealing with actualities.

Decree affirmed.

## In re ROE.
## No. 6.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1937.

F. M. Joslyn, of Buffalo, N. Y. (Curtiss D. Matterson, of Syracuse, N. Y., of counsel), for appellant.

Joseph E. North, of Binghamton, N. Y., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The appellee was adjudged a bankrupt February 26, 1930. A petition for extension of time to apply for a discharge was filed February 6, 1934, when an order was entered granting the right to file a petition for discharge nunc pro tunc as of May 2, 1930. An order of discharge was entered March 6, 1934, from which no appeal was taken. Appellant moved, April 27, 1934, to vacate the discharge; the motion was denied, and this appeal followed.

Section 25 of the Bankruptcy Act (30 Stat. 553, as amended 11 U.S.C.A. § 48) grants an appeal as of right, within 30 days, from an order granting a discharge. Appellant did not oppose the granting of such discharge but claims it had no notice of those proceedings. Be that as it may, it is clear that the order denying the motion to revoke the discharge is appealable only by a petition to revise. In re Jacobs, 241 F. 620 (C.C.A.6); Thompson et al. v. Mauzy, 174 F. 611 (C.C.A.4). See In re Louisville Nat. Banking Co., 158 F. 403 (C.C.A.6). Thompson et al. v. Mauzy, supra, held that an order refusing to set aside a discharge was not appealable under section 24a (11 U.S.C.A. § 47 (a) as a controversy in bankruptcy; whether it was appealable under section 25 (a) (2), 11 U.S.C.A. § 48 (a) (2), as the equivalent of an order granting a discharge was not decided. In Re Jacobs, supra, an order revoking a discharge was held not appealable under section 25 (a) (2). A parallel situation is presented by section 25 (a) (1), which makes a judgment granting or refusing an adjudication appealable as of right. But an order refusing to vacate an order of adjudication is appealable only with leave. Chicago Bank of Commerce v. Carter, 61 F.(2d) 986 (C.C.A.8). Administrative orders of this character constitute proceedings in bankruptcy from which an application for leave to appeal is necessary (section 24 (b). See Taylor v. Voss, 271 U.S. 176, 181, 46 S.Ct. 461, 70 L.Ed. 889.

It is true that section 14a of the Bankruptcy Act, as amended (11 U.S.C.A. § 32 (a), provides that applications for discharge must be filed within twelve months, with a six-month period of grace permissible in the court's discretion [see In re Sullivan, 62 F.(2d) 245 (C.C.A.2), certiorari denied Sullivan v. Kohn, 289 U.S. 725, 53 S.Ct. 523, 77 L.Ed. 1475] and that here the discharge was invalidly granted more than four years after adjudication. Still, we possess no discretion to entertain an appeal not taken in accordance with the statute. Compliance therewith is jurisdictional. Wingert et al. v. Smead et al., 70 F.(2d) 351 (C.C.A.4), certiorari denied 293 U.S. 567, 55 S.Ct. 77, 79 L.Ed. 666. Leave to appeal was not granted, and the appeal must accordingly be dismissed.

Appeal dismissed.

**THORNE, NEALE & CO., Inc., v. READING CO.**

**BOUCHARD TRANSP. CO. v. SAME.**

Nos. 188, 189.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1937.

