## In re KREIGER.*

(District Court, W. D. Pennsylvania. February 26, 1926.)

No. 12386.

1. **Bankruptcy** ⟜255—Trustee takes no title to lease of bankrupt, but only an option to accept it.

A trustee at his option may assume or reject a lease of bankrupt within a reasonable time after adjudication, but he takes no title to the lease unless he elects to accept it, and the property which immediately passes to him, therefore, does not include the lease itself, but the option to accept it.

2. **Bankruptcy** ⟜421(1)—Landlord and tenant ⟜101½.

If trustee renounces lease of bankrupt, landlord and tenant relation still subsists, as before bankruptcy, and bankrupt's discharge does not release him from obligation to pay the rent.

3. **Bankruptcy** ⟜255—Landlord and tenant ⟜101½.

The trustee may, with the landlord's consent only, surrender the lease, in which event the landlord regains full possession and all obligations between landlord and tenant are at an end.

4. **Landlord and tenant** ⟜112(2)—Acceptance by landlord of rent from receivers, after serving notice of termination of lease, held not waiver of right to terminate under its terms.

Bankrupt was a sublessee, and shortly after bankruptcy his landlord served notice of termination of the lease under its terms, which notice was also served on receivers, but they were given a reasonable time to remain in possession for the purpose of liquidating the property. *Held*, that acceptance from receivers of rent for the current month was not a waiver by the landlord of his right of forfeiture, especially where he notified receivers that it was not accepted as rent under the lease, but for their occupancy.

5. **Bankruptcy** ⟜255.

A trustee will not be allowed to assume a lease, where it would delay winding up the estate for several years, and especially when it is problematical whether it would benefit the estate.

In Bankruptcy. In the matter of Louis Kreiger, individually and trading as the Kreiger Cloak & Suit Company, bankrupt. Proceeding to determine rights of landlord. Termination of lease by landlord held effective as against receivers and trustee.

F. R. S. Kaplan, of Pittsburgh, Pa., for receiver.

Aronson & Aronson, of Pittsburgh, Pa., for "Help Yourself Store," Landlord.

*Decree affirmed Sproul v. Help Yourself Store Co., 16 F.(2d) ——.

THOMSON, District Judge. This is a proceeding under an act of the Assembly of Pennsylvania, approved June 18, 1923 (P. L. 840; Pa. St. Supp. 1924, §§ 12805a1–12805a16), known as the "Declaratory Judgments Act," which, inter alia, provides that any person interested under a written contract may have determined any question of construction or validity of rights under the instrument, and obtain a declaration of rights, status, or legal relations thereunder. The Supreme Court of the state, speaking of the act, said that it is an unusual remedy, "provided for the purpose of having issues speedily determined, which otherwise would be delayed, to the possible injury of those interested, if they were compelled to await the ordinary course of judicial proceedings." In re List's Estate, 283 Pa. 255, 129 A. 64. As the question here involved relates to a lease held by a bankrupt, both parties have assumed, and acted on the assumption, that this court has jurisdiction under the Pennsylvania act.

On December 9, 1925, Kreiger, the bankrupt, was lessee and tenant in possession of certain premises on Penn avenue, Pittsburgh, under a written lease for a term of years expiring March 31, 1939. Kreiger was a subtenant under lease from the Help Yourself Store Company, a corporation, which corporation leased from the Phipps Penn Land Trust, the owners of the building. The Phipps lease contains provisions as to forfeiture, requires that, in the event the lessee desires to sublet any part of the demised premises, such subletting may be made subject to the approval in writing of the lessors. Paragraph 7 of that lease provides:

"No determination of this lease by forfeiture nor taking or recovering possession of the premises shall deprive lessors of any other action, right or remedy against lessee for possession, for rent or for damages, * * * and in no case shall any omission by lessors to enforce any forfeiture or to exercise any other remedy to them belonging, or to require a strict performance of all of the terms of this lease, be deemed or taken to be a waiver by the lessors of the right to enforce and exercise such right or any other forfeiture or remedy, or of the right to have and expect the strict performance of all the covenants of this lease by lessee."

Thus restricted by its lease, the said Help Yourself Store Company became a lessor of a portion of said premises on December 9, 1925; said lease providing that the lessee shall not sublet the premises or any part thereof, nor assign the lease or any part thereof, nor suffer any involuntary transfer of the premises, lease or term by operation of law, whether by execution, insolvency, the appointment of a receiver, bankruptcy, or otherwise. The lease further provides that, if the rent or any part thereof is at any time in arrears, or if the lessee shall fail to comply with any covenant, term, or condition of the lease, or if before or after the beginning of the term a petition to have him adjudged a bankrupt is filed by or against him, or by any occurrence or proceedings his estate shall be brought into liquidation, the lessors may, at their option, forfeit and terminate the lease, and the lessee agrees that, in case of the exercise of said option and the termination of the lease, he will at once surrender the lease, and will become tenant at will of lessors, and will, after 10 days' notice in writing left upon the premises, remove from and deliver up possession of the same. By virtue of these provisions the lessor, on the 24th day of December, 1925, declared a forfeiture of the term, taking steps to enforce the same, left notice on the premises, served a written notice of the forfeiture on the attorney for the lessee, gave notice of the forfeiture at the sale on January 27, 1926, and made demand for the keys from the receivers for the purpose of re-entry and repossession.

Not denying the right of the landlord to declare a forfeiture and enforce it under the terms of the lease, the receivers take the position that, by a payment of December rent and the acceptance of the same by the landlord, the right of forfeiture was waived. At this point a brief statement with reference to the rights of the landlord and trustee in case of bankruptcy may be relevant:

[1-3] A trustee in bankruptcy, at his option, may assume or reject the lease of the bankrupt within a reasonable time after adjudication. If he elects to take the leasehold, he takes it subject to the condition in which he found it, subject to the burdens resting upon the debtor, and also to all valid claims, liens, and equities in favor of third parties. In this event the bankrupt is relieved from liability for any future rent. The trustee takes no title to the lease unless he elects to accept it. The property which passes, therefore, immediately to the trustee, is not the lease itself, but the option of accepting it. If the trustee renounces the lease, the relation of landlord and tenant

still subsists as before the bankruptcy, and the bankrupt's discharge does not release him from his obligation to pay the rent. On the other hand, a trustee may, with the landlord's consent only, surrender the lease, in which event the landlord regains full possession, and all obligations between the landlord and tenant under the lease are at an end.

[4] There is no question that the right to forfeit and terminate the lease existed on the part of the landlord by the specific terms of the lease. Not only was this the landlord's right under his lease, but it would appear to be his only safe course to pursue, in view of like provisions in the Phipps lease, under which the landlord held. Has the right of forfeiture been waived by the landlord by the acceptance of the December rent? I think not. The forfeiture was duly declared on December 24, 1925, and due notice thereof given by the parties in interest. This included notice to the receivers of the forfeiture declared, and a reasonable time was offered to the receivers to remain in possession of the premises for the purposes of liquidating the property of the bankrupt. It may be fairly said that the rent demanded therefor was rent for the use and occupancy, and not as rent under the original lease, as the notices and letters duly advised the parties of the termination of the lease by the forfeiture declared by the landlord.

When the check from the receivers was received on December 31, 1925, the receivers were advised by letter that the same was accepted as rental only for use and occupancy by the receivers of the premises, and not in any manner a recognition of the former tenant, and was not received as rent under the original lease, and was not to be regarded as a waiver of the forfeiture declared under the lease. To this the receivers made no objection. If this was not satisfactory to the receivers, they should have so stated; failing to do so, they are presumed to have acquiesced under the condition which the landlord imposed on the acceptance of the check. On January 15th the receivers, in offering payment for January rent, for the first time declared: "We feel the lease is an asset of the bankrupt, and that it will be held as such." Immediately the landlord, through his attorney, notified the receivers by letter that the check would not be accepted in payment of rent under the original lease, but only as an administration expense of the receivers for use and occupancy of the premises, and, unless such was the understanding, said check would be returned. To this the receivers made no reply, and thereupon the January check was returned to the receivers; the landlord again reiterating that a forfeiture had been declared and the original lease was terminated.

[5] Under all these circumstances, the unquestioned right of forfeiture, which existed under the terms of the lease, has not, in the court's opinion, been waived by the landlord. It appears that in January of 1926, after due advertisement, the receivers offered for sale the interest of the lessee in the said leasehold and received no bids therefor, and the same was true at adjourned sales held on January 20, February 6, and February 9, 1926. This would indicate that the leasehold, in case it existed as an asset of the estate, was not regarded as valuable. The policy of the law would not favor the action which the receivers are undertaking here to assert. It is a general rule that the trustee in bankruptcy will not be allowed to assume a lease, where it appears that to do so would prevent him from winding up the estate for several years. Especially is this true when it is problematical whether or not the assumption of such lease would prove to be of benefit to the estate. If it is a mere conjecture, such proposition would not be entertained, as it is the clear duty of the trustee and the purpose of the law to wind up the affairs of the bankruptcy and distribute the proceeds to the parties entitled.

The court, therefore, holds as a matter of law, under the facts presented, that the forfeiture of the lease by the landlord was effective and terminated the lease, and that the receivers and trustee had no right, title, or interest in the lease or leasehold.