## In re MINERS MILLS COAL MIN. CO.
### No. 9798.

District Court, M. D. Pennsylvania.
Dec. 27, 1939.

Donald S. Mills, of Wilkes Barre, Pa., for the bankruptcy.

Stephen Teller, of Wilkes Barre, Pa., for the trustee.

Albert H. Aston, of Wilkes Barre, Pa., for William Husson, creditor.

WATSON, District Judge.

This case is before the Court for determination of a petition to set aside a sale of certain real estate.

The facts of this case, in so far as they do not appear of record, have been stipulated by the parties. On June 28, 1938, the debtor filed a petition under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, for a reorganization. The respondent, R. Bruce Weir, was appointed trustee. Some time thereafter, the Court ordered that the debtor's assets be liquidated. On October 4, 1938, Weir filed a petition to disclaim the real estate here in question and, after a hearing on notice to all creditors, the Referee entered an order in which the petition was "confirmed." The estate was liquidated and on March 16, 1939, the case was closed. On April 24, 1939, Weir, who was also a creditor of the debtor, filed a petition as trustee to re-open the case because an offer had been made for the purchase of the property which was the subject of the petition to disclaim above mentioned. The Court, on April 25, 1939, entered an order reopening the case and referring the matter to the Referee for further proceedings in "the best interest of this estate." Subsequently, the property was sold at private sale to the respondent, W. William Husson, who was the highest and best bidder. Due notice

598

of this sale was given to all interested parties and all creditors. Martin J. Healey, a director of the debtor, was present at the sale and objected to the amount of the purchase price but did not assert the title of the debtor. No objections were made to the sale and it was confirmed in due course on May 23, 1939. On September 11, 1939, the debtor filed a petition to set aside the sale of the real estate and this petition is now before the Court for determination.

The principal question raised by the petition is, whether or not the Court had jurisdiction to reopen the case. Section two of the Bankr. Act of 1898 as amended, provides that the Court shall have jurisdiction to reopen bankruptcy cases "for cause shown." The only "cause" which the petition to reopen contained was the allegation that an offer had been made to purchase the property which had been disclaimed.

The respondents, Weir and Husson, contend that there had never been a disclaimer of this property, because a formal disclaimer had never been filed and, hence, the trustee had title to the property and the Court had jurisdiction to reopen the case to dispose of this unadministered asset. With this contention I cannot agree. Disclaimer does not require any formal acts on the part of the trustee but consists of the refusal of the trustee, manifested by some act or acts and subject to the control of the Court, to administer assets of the bankrupt estate. There have been many cases dealing with the evidence necessary to show such refusal on the part of the trustee, but no case has been cited or found which requires the trustee to do more than was done in this case. Here the trustee filed a petition to disclaim; a hearing was duly held thereon after notice to all interested parties; the Referee entered an order which, although containing somewhat unusual wording, clearly approved the petition; the case was duly closed in proper form, and the trustee was discharged. The trustee intended to and did relinquish whatever title he had as trustee. I conclude that the trustee abandoned and disclaimed any interest which he may have had in the property. In re Wattley, 2 Cir., 62 F.2d 828.

Since there had been a valid disclaimer of the property, there remained no interest in the property which could be sold by the trustee and hence, Weir's petition did not disclose any cause for reopening the case. It follows, therefore, that the Court was without jurisdiction to reopen the case and its order reopening the case is void and of no effect.

There remains only the question of whether or not the debtor is estopped to deny the facts upon which the jurisdiction of this Court is based; i. e., the title in the trustee. The respondents, Weir and Husson, contend that the debtor is estopped to prove that title was not in the trustee because it had notice of the sale and one of its directors was present at the sale and objected to the sufficiency of the purchase price. This is not enough to constitute an estoppel. Notice of the sale of property to which the trustee did not have title does not impose a duty on the owner to object to the sale, nor is the mere presence of one of the directors sufficient to estop a corporation from later asserting its title. There is nothing to show that the director was entitled to represent the corporation or bind it at the sale. There is nothing to show that the purchaser relied upon the presence of the director of the debtor corporation nor that he would have had a right to rely thereon had he done so. Under these circumstances it is clear that the debtor is not estopped to show that this Court was without jurisdiction to reopen the case.

The order of this Court dated April 24, 1939, reopening the above entitled case, and all proceedings had thereunder, including the order filed May 23, 1939, confirming the sale of certain properties of the debtor, are hereby vacated and set aside.