DE BOBULA v. MANHATTAN STORAGE & TRANSFER CO., Inc., et al. (two cases).

Nos. 10829, 10830.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 13, 1951.
Decided Feb. 7, 1952.

David Reich, Washington, D. C., for appellant (appointed by this court).

Paul J. Kasloff, Washington, D. C., with whom Benjamin M. Kail, Washington, D. C., was on the brief, for appellee Manhattan Storage & Transfer Co., Inc.

Hyman Goldstein and Norman Friedenberg, Washington, D. C., entered appearances on behalf of appellee Dime Transfer & Storage Co.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's wife deposited their household goods in appellee's warehouse and took appellee's non-negotiable warehouse receipt. In November 1944 appellant paid the charges and demanded the goods. Appellee refused to comply with the demand because appellant would not surrender the warehouse receipt two days in advance of delivery of the goods. Some years later appellant brought suits in the nature of conversion and detinue which were consolidated for trial. The District Court gave judgment to the appellee on appellant's claims and also on appellee's counterclaim for storage charges to the time of trial. We think this was error.

■ A warehouseman's duty to surrender goods upon demand is governed primarily by § 8 of the Uniform Warehouse Receipts Act, D.C.Code 1940, § 28-1901. Nothing in that section requires the holder of a non-negotiable warehouse receipt to surrender it. The receipt now in suit purports to require its surrender when all the goods are withdrawn.[1] This added condition may be valid. D.C.Code 1940, § 28-1803. But the receipt does not even purport to require surrender before the goods are withdrawn.

On this appeal the appellee contends it had a valid excuse for not delivering the goods. It now says appellant was not the depositor of the goods or the holder of the warehouse receipt and had no written authorization to act for his wife. Section 28-1901 of the Code provides that, subject to limitations not relevant here, a warehouseman "is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor * * *." Section 28-2203 defines "holder" as "a person who has both actual possession of such receipt and a right of property therein." Since appellant's right of property in the receipt, if any, did not appear on its face, or elsewhere in writing, we assume without deciding that appellee might legally have refused to deliver the goods to appellant on the ground it now urges as an excuse.

■ But appellee did not do that. On the contrary, appellee continually treated appellant as the holder of the receipt until after the present suits were brought. It did so before the demand in question, by permitting appellant to withdraw some of the goods without written authorization from his wife. Its correspondence with appellant after the demand carried the clear implication that it had a contractual relationship with him. Even apart from this context, but especially in this context, appellee's refusal to deliver the goods because appellant would not surrender the receipt two days in advance was equivalent to saying that such a surrender was all that was necessary to get the goods. We think it clear that appellant relied on this statement in continuing not to get a written authorization from his wife. In discussing equitable estoppel the Supreme Court has said: "he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." Dickerson v. Colgrove, 100 U.S. 578, 580, 25 L.Ed. 618. Ohio & M. Railway Co. v. McCarthy, 96 U.S. 258, 267–268, 24 L.Ed. 693; Morgan v. Chicago & A. Railroad Co., 96 U.S. 716, 720, 24 L.Ed. 743; Leather Mfrs.' Nat. Bank v. Morgan, 117 U.S. 96, 108, 6 S.Ct. 657, 29 L.Ed. 811; Territory of Arizona ex rel. Gaines v. Copper Queen Consol. Min. Co., 233 U.S. 87, 95, 34 S.Ct.

1. The receipt also provides that "Three days' notice is required for access to or delivery of goods." The validity of their requirement, which does not relate to surrender of the receipt, is not in issue.

546, 58 L.Ed. 863. Appellee is therefore estopped from asserting that appellant was not the holder of the receipt.

It follows that appellant's demand for the goods must be treated as valid. Appellant is therefore entitled to recover the goods or their value and is also entitled to judgment on appellee's counterclaim.

Reversed.

FAHY, Circuit Judge, dissents.