In the Matter of GRAVURE PAPER & BOARD CORP., Bankrupt.

David J. Rosen, Appellant.

No. 11811.

United States Court of Appeals Third Circuit.

Argued May 10, 1956.

Decided July 5, 1953.

---

Abraham L. Shapiro, Philadelphia, Pa., for appellant.

Harry A. Margolis, Newark, N. J. (Max L. Rosenstein, Newark, N. J., on the brief), for trustee-respondent.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Can a trustee in bankruptcy make a valid sale of the bankrupt's interest as lessee in a lease of real property which the trustee did not assume within 60 days after the adjudication as provided by Section 70, sub. b, of the Bankruptcy Act?[1]

If such a sale is invalid can the issue of invalidity be raised on appeal when it was not "urged or argued" in the court below?

Is the appellant estopped from raising the issue of validity of the sale because he stood by when the trustee offered the lease for sale at public auction and in fact induced him to do so?

These issues are presented in this appeal from the Order of the District Court denying the application of the appellant for review of an Order of the Referee in Bankruptcy which denied appellant's petition for the return of his bid deposit and then went further and directed him to pay the balance of the bid.

We do not reach the trial issues because subsequent to the filing of this appeal the parties entered into a stipulation which provides the critical premise

1. Act of July 1, 1898, c. 541, as last amended by the Act of July 7, 1952, c. 579, Sec. 23, 66 Stat. 429, 11 U.S.C.A. § 110.

for the issues upon which hinge the disposition of this appeal.

In that stipulation, set forth in the margin,[2] it is disclosed that the trustee in bankruptcy "* * * did not assume the Bankrupt's lease, * * * either prior to the auction sale of the lease (June 17, 1954) or at any time thereafter". The stipulation further provides that it "* * * may be filed and deemed a part of the record on this Appeal and in this proceeding."

The record discloses that the adjudication in bankruptcy was filed and dated April 13, 1954—well over 60 days prior to the public auction on June 17, 1954, at which the appellant, David J. Rosen purchased the lease after he had requested the trustee (via the auctioneer) to offer it for sale.

▆▆▆▆ As to the first issue:

Can a bankruptcy trustee make a valid sale of the bankrupt's lease which he had failed to assume within 60 days after the adjudication?

Section 70(b) of the Bankruptcy Act provides in part:

> "*Within sixty days after the adjudication, the trustee shall assume or reject* any executory contract, including *unexpired leases of real property: * * * Any such contract or lease not assumed or rejected within such time,* whether or not a trustee has been appointed or has qualified, *shall be deemed to be rejected.*" (Emphasis supplied)

The statutory presumption of rejection by nonaction within the 60 day period "* * * is a conclusive statutory presumption." Wiemeyer v. Koch, 8 Cir., 1945, 152 F.2d 230, 234, citing Collier on Bankruptcy, 14th Ed. Sec. 70.43, p. 1230. See also Hill v. Larcon Co., D.C. W.D.Ark.1955, 131 F.Supp. 469, 474, where it was specifically held that "* * * failure of a [bankruptcy] trustee to take affirmative action within 60 days [after bankruptcy adjudication] to adopt or reject a lease amounts to a rejection of the lease." Judge Learned Hand in Palmer v. Palmer, 2 Cir., 1939, 104 F.2d 161, 163, certiorari denied 1939, 308 U.S. 590, 60 S.Ct. 120, 84 L.Ed. 494, put it this way: "A lease, being property cum onere, does not pass to a trustee in bankruptcy, unless he adopts it."

We are in entire accord with the construction given to Section 70, sub. b, in the cases cited. Indeed, its unambiguous terms permit no other view. Accordingly, we are of the opinion that since the trustee admittedly failed to assume the lease within 60 days after the adjudication its sale, subsequent to the expiration of that period, was invalid.[3]

▆▆▆ The trustee had nothing to sell so far as the lease was concerned on June 17, 1954. The "Order For Sale" provided he was authorized to sell his "right, title and interest in and to the lease" but he had no "right, title and interest in and to the lease" because of his failure to assume it within 60 days of the adjudication. On that score it is well settled that "* * * when the trustee in bankruptcy abandons an asset, he is to be treated as having never had title to it; the abandonment is said to relate back, so that 'the title stands as if no assignment had been made.'" Rosenblum v. Dingfelder, 2 Cir., 1940, 111 F.2d

---

2. The full text of the Stipulation follows:
"Stipulation
"It is stipulated by the undersigned that the Trustee of the above named Bankrupt estate did not assume the Bankrupt's lease, as provided by Section 70 (b) of the Bankruptcy Act, either prior to the auction sale of the lease (June 17, 1954) or at any time thereafter.
"This stipulation may be filed and deemed a part of the record on this Appeal and in this proceeding.
"Dated: January 20, 1956."

3. The "Order For Sale" of the bankrupt's lease (and other assets) was filed June 17, 1954—the day the public sale took place. At the hearing of the appeal it was suggested that this "Order For Sale" could possibly be construed as an "assumption" of the lease but, assuming arguendo such construction, it would be without effect in this case because at the time more than 60 days had elapsed since the bankrupt's adjudication.

406, 409, citing Brown v. O'Keefe, 1937, 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827. In the latter case the trustee in bankruptcy had disclaimed and abandoned certain assets. With respect to such assets it was held: "Whatever title or inchoate interest may have passed to the trustee was extinguished by relation as of the filing of the petition when the trustee informed the court that the shares were burdensome assets, and was directed by the court to abandon and disclaim them. * * * In such case 'the title stands as if no assignment had been made.' * * * A precise analogy is found in the law of gifts and legacies. Acceptance is presumed, but rejection leaves the title by relation as if the gift had not been made."[4]

■ That brings us to the second issue:

If such a sale is invalid can the issue of invalidity be raised on appeal when it was not "urged or argued" in the court below?

The trustee takes the position that the appellant "neither urged nor argued below" the first issue and that he is therefore precluded from raising it on appeal. With respect to that position it must be noted that while it is true that the appellant "neither urged nor argued" the issue to the Referee, he did, in his petition to be relieved of his bid and for the return of his deposit, raise the issue of "a total failure of consideration" by reason of the trustee's lack of title to the lease in view of his failure to comply with the provisions of Section 70, sub. b.[5] Moreover, at the Referee's hearing on his petition he specifically called attention to what he stated in Exhibit 4 attached to his petition as set forth in Note 5,[6] and the Referee noted that "Mr. Rosen states that he rests on the petition."[7] That the appellant asserted and argued additional reasons in support of his position is not controlling. What he said in his petition, and his statement at the hearing thereon that he rested on it, put the Referee and later the District Court on notice as to the existence of the specific issue of invalidity of the sale of the lease.

In our view the issue of invalidity of the sale of the lease by reason of the operation of Section 70, sub. b, was raised below and may therefore be considered in this appeal.

■ As to the third issue:

Is the appellant estopped from raising the issue of validity of the sale because he stood by when the trustee offered the lease for sale at public auction and in fact induced him to do so?

We need spend but little time or space on this issue.

We take a dim view of the trustee's concept of estoppel as he seeks to assert it here.

In order for him to summon the doctrine to his aid it is incumbent upon him to establish that the appellant induced him (the trustee) to his injury not to

4. To the same effect see In re Kreiger, D.C.W.D.Pa.1926, 15 F.2d 90. It was there held, 15 F.2d at page 91: "The trustee takes no title to the lease unless he elects to accept it. The property which passes, therefore, immediately to the trustee, is not the lease itself, but the option of accepting it." See also Schram v. Tobias, D.C.E.D.Mich.1941, 40 F.Supp. 470, 472. And see In re Malcom, D.C.E.D.Del.1943, 48 F.Supp. 675.

5. The appellant attached to and made part of his petition a letter which he sent to the trustee on August 19, 1954 marked therein Exhibit 4. In that letter the appellant stated as follows:

"I also invoke the legal proposition that a sale by you as trustee of all of your right, title and interest presupposes that you have some right, some title, some interest, and comprehends the rights of the trustee to a lease under Section 70(b) of the Bankruptcy Law. Those rights you have not exercised. At the time of the tender it was too late to exercise the same. As a consequence, there is a total failure of consideration."

6. Page 23, N.T. Hearing, April 6, 1955.

7. Page 25, N.T. Hearing, April 6, 1955.

assume the lease within the 60 day period required by Section 70, sub. b, and there is not a single shred of evidence to support such a contention.

As was stated in Dickerson v. Colgrove, 1880, 100 U.S. 578, 580, 25 L.Ed. 618:

> "The estoppel here relied on is known as an equitable estoppel, or estoppel in pais. The law upon the subject is well settled. The vital principle is, that he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. * * * This remedy is always so applied as to promote the ends of justice."[8]

The trustee was solely and independently responsible for the loss of title to the lease under Section 70, sub. b, by reason of his failure to assume it within 60 days of the adjudication.

■ Bankruptcy courts are conducted upon principles of equity and the courts have a duty to see to it that equity prevails. Here the trustee offered for sale and "sold" a lease to which he had no "right, title or interest". His position is that he ought to get something (the appellant's bid price of $1500) for nothing. It would be inequitable to permit him to do so as was held in In re Caponigri, 2 Cir., 1914, 210 F. 897. There the trustee in bankruptcy sold his "'right, title, and interest'" in a lot which had been conveyed by the bankrupt prior to the bankruptcy. The district court's ruling that "in accordance with the standard of fair dealing which a court of equity should itself exemplify" the purchaser should be relieved from his obligation to carry out his bid, was affirmed per curiam.[9]

---

8. See also De Bobula v. Manhattan Storage & Transfer Co., 1952, 90 U.S.App. D.C. 202, 194 F.2d 885, 886; Lukens Steel Co. v. American Locomotive Co., 2 Cir., 1952, 197 F.2d 939, 941; Gulf Oil

For the reasons stated the Order of the District Court will be reversed and the cause remanded to proceed in accordance with this Opinion, each party to bear its own costs.

Corporation v. Texas City Refining, Inc., 4 Cir., 1954, 218 F.2d 196, 201.

9. See also In re Miners Mills Coal Mine Co., D.C.M.D.Pa.1939, 30 F.Supp. 597.