**H. E. HARPER, Trustee, Appellant,**

v.

**Leland FIKES et al., Appellees.**

**No. 10784.**

Court of Civil Appeals of Texas.
Austin.

June 1, 1960.

Rehearing Denied June 22, 1960.

Byron Lockhart, Austin, Horace M. Holder, Le Roy Smallenberger, Shreveport, La., Eugene W. Nelson, Austin, of counsel, for appellant.

Carl C. Mays, Dallas, Fulton, Hancock & McClain, Gilmer, for appellees.

ARCHER, Chief Justice.

This is a suit invoking the equitable powers of the Court, filed on December 7, 1954, in the trial court, by H. E. Harper, Trustee in Bankruptcy of the Estate of C. Taylor Cole, a Bankrupt, against Leland Fikes and F. L. Mitchell, as defendants, to enforce specific performance of two certain written contracts entered into between Mitchell, on

the one hand, and Cole, the Bankrupt, on the other hand, and as incidental thereto for an accounting to determine if the income from certain oil and gas properties had discharged various sums of money against said properties, and if not, for a declaratory judgment, fixing the amount of money yet to be paid.

In due time, Fikes filed his answer, and a cross action and a third-party action against Harper, Trustee, and against cross-defendants, Eva James LeGere and husband, Martin LeGere, Richard L. Grodin and Charles A. Kothe, for a judgment declaring that Harper, Trustee, LeGere and husband, Grodin and Kothe had no right to exercise the options granted to Cole to purchase the properties described in the contracts, and had no right to enforce specific performance of the contracts.

July 15, 1959, the trial court rendered summary judgment for appellee, Leland Fikes, that appellant, Harper, Trustee, and cross-defendant and intervener, Grodin, and cross-defendants, LeGere and husband, take nothing by reason of the claims and causes of action asserted by them in their pleadings heretofore filed in said cause in the trial court and this appeal by Harper, Trustee, is from that judgment.

The appeal is founded on two points, with five subpoints under Point No. 1, and the points are:

"1. The trial court erred in not granting judgment for appellant because the undisputed facts proved affirmatively all the elements which entitled appellant to a judgment declaring his ownership of the option rights and ordering an accounting by appellee.

"A. The option contracts created in Cole an absolute right to acquire for $200,00 the fractional interests named in the properties described, subject only to the condition precedent that the debts listed be first recouped from income derived from the properties.

"B. The option rights acquired by Cole under the said contracts continued undiminished in Cole because his attempted assignments to James, Kothe, and Grodin were void.

"C. Under the Bankruptcy Act appellant acquired, and he now owns, the title of Cole to the option rights.

"D. Appellant, as cestui que, is entitled to an accounting from his trustee, appellee, who has exclusive possession of the facts which will determine when the option can be exercised.

"E. Since the undisputed facts establish affirmatively appellant's title to the option rights and his right to an accounting, the trial court should have rendered summary judgment for appellant.

"2. The trial court erred in rendering judgment for appellee on his amended motion for summary judgment because appellee's motion did not conclusively negate the existence of unresolved issues of fact material to the relief sought by appellee."

Appellee has made counterpoints and are that:

"1. The disposition of the option rights by Cole for a valuable consideration in violation of the contractual provisions requiring him to give ten days written notice of the terms and conditions of such disposition and giving Mitchell the option to take the same on such terms and conditions, defeats the appellant's right to specific performance, as a matter of law."

The second counterpoint is that:

"2. Appellant, as Trustee in Bankruptcy, owns no right, title or interest in the rights granted to Taylor Cole and the contracts involved in this action, and hence, owning no interest, he has no cause of action to enforce specific performance or an accounting of said contracts."

The subcounterpoints under the second counterpoint are:

"(a) No title to the option rights or property vested in appellant because Cole had for a valuable consideration disposed of the same long before he was adjudged a bankrupt.

"(b) No title to the option rights vested in appellant by operation of law because he had failed to assume such executory contracts as is required by the Bankruptcy Act.

"(c) The rights of Cole to acquire the property under the contracts involved were personal to him."

The third counterpoint is:

"Appellant, owning no right, title or interest in the rights granted to Taylor Cole and the contracts involved in this action, is not entitled to any accounting."

The fourth counterpoint is:

"The judgment of the trial court is proper and should be affirmed because the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue as to any material fact, and the undisputed facts show that appellee is entitled to judgment as a matter of law."

The material facts in this case are few, and of course, undisputed. In the fall of 1949, appellee and Harold L. Knop purchased from Taylor Cole and his associates undivided interests in various oil properties. The legal title to the properties was conveyed by instruments dated September 1, 1949, to F. L. Mitchell, who held the same in trust for appellee, as to three-fourths and Knop, as to one-fourth. By an instrument dated June 1, 1950, Knop conveyed his one-fourth interest in the properties to appellee. There being no further need for the trust, Mitchell, by instruments bearing the same date, conveyed the legal title to the properties to appellee, except as to two

leases previously conveyed by him. Appellee now owns all of said properties, except those conveyed by Mitchell, and some other leases which have terminated because of cessation of production.

At the time of the purchase of said properties, appellee and Knop agreed with Cole that he would have a personal right and option to acquire, for nominal considerations, an undivided one-fourth interest in the properties conveyed by Cole-Darden Oil Company and by Cole and Darden, individually, and an undivided one-eighth interest in the properties conveyed by Cole's associates, subject to certain reservations and conditions which were agreed upon. It was further agreed that the personal rights and option granted to Cole could only be sold and disposed of in the specific manner set out in Article IV of the contracts, which condition was an inducement to appellee and Knop to enter into said agreements. Article IV of said contract reads as follows:

"Cole shall give Mitchell ten (10) days' written notice before making any sale or disposition of his rights under this contract, setting out in said notice in writing, the terms, conditions and provisions of said proposed sale or disposition during which ten (10) day period, the said Mitchell shall have the right to elect to acquire Cole's right under this contract upon the same terms, provisions and conditions as are set out in said notice. In the event Mitchell fails to elect to acquire Cole's rights under this contract within ten (10) days after receipt of such notice, as herein provided for, then Cole may proceed to sell and dispose of his rights under this contract on the terms, conditions and provisions set out in such notice but not on different terms, conditions and provisions, but the assignee buying and acquiring the rights of Cole hereunder, shall take expressly subject to all the terms and provisions hereof."

Cole sold and disposed of all his rights and interests under the contracts without complying with, and in direct violation of Article IV thereof. On April 11, 1950, he disposed of an undivided ⅟₁₆th interest to Eva James, now Eva LeGere, by a written instrument which is attached to her pleadings in this cause. The exact consideration for this assignment is not shown. However, the trustee, in his compromise settlement with the grantee, LeGere, in the Bankruptcy Court at Shreveport, placed a consideration of $2,000 thereon. On March 3, 1950, he disposed of an undivided ¹⁵⁄₁₆ths interest by conveying the same to W. T. Saye, in trust, to secure the sum of $20,-000 advanced to Cole by Richard L. Grodin. The indebtedness was not paid and Grodin foreclosed his lien by judgment and purchased the property at sheriff's sale. Also, on December 5, 1949, Cole conveyed to C. A. Kothe an undivided ¹⁵⁄₁₆ths interest in his contract rights to secure the sum of $9,-000 he obtained from the said Kothe. Cole did not pay this indebtedness, and Kothe recovered a judgment against him, foreclosing the lien. No notice of these sales and dispositions were given by Cole or anyone else to either appellee or Knop, or to their Trustee, Mitchell.

■ Cole had for valuable considerations disposed of his interest in violation of the contractual provisions requiring him to give ten days' notice of the terms of such disposition and giving Mitchell the option to take the same on such terms prevents the appellant from exercising a right to specific performance.

"Before a contracting party may have specific performance, he must perform or comply with all of his obligations under the contract, * * *.

"When one is in default, or has abandoned the contract or has refused to perform in whole or in part, he is not entitled to specific performance. * * *" 38 Tex.Jur. 465, Sec. 37.

In Bell v. Rudd, 144 Tex. 491, 191 S.W. 2d 841, 843, the Supreme Court said:

"An examination of the pleadings, evidence and decree in this case shows that the same was tried under the alternative pleadings of both of the parties, and the relief sought and obtained by Rudd was for specific performance and a cancellation of an instrument. These are equitable remedies. Rudd is in the position of seeking and obtaining specific performance of an agreement which, according to his own evidence, he failed to perform. To be entitled to a specific performance of a contract one must prove a compliance with all of its terms. Allen v. Strode, Tex.Civ.App., 62 S.W.2d 289. * * *"

Roberts v. Lovejoy, 25 Tex.Supp. 437, Casey v. Jones, Tex.Civ.App., 189 S.W.2d 515, er. ref. w. m.

■ The trustee in Bankruptcy had no greater interest in the rights granted Cole and in the contracts involved in this action than Cole had and he has no cause of action to enforce specific performance or an accounting of the contracts.

The involuntary petition in bankruptcy was filed against Cole on November 24, 1951, by an attorney for the creditors and by another creditor on December 6, 1951.

A compromise agreement was made between Mrs. LeGere and Grodin by which the parties relinquished their claim of ownership of Cole's contract rights, providing that Mrs. LeGere would receive ⅟₁₆th of a recovery, less the attorneys' fees and costs until $2,000 was paid, and in like manner until Grodin was paid $25,000.

Appellee takes the position that Cole was adjudged a bankrupt on February 28, 1952 and on the same day the case was referred to the Referee in Bankruptcy and the trustee's appointment was approved by the Federal Court on May 22, 1952 and the bond was made and approved on May 29, 1952; that the trustee did not assume the two executory contracts within 60 days after Cole was adjudged a bankrupt and no extension was granted as provided by Section

70, sub. b of the Bankruptcy Act (11 U.S.C.A. § 110, sub. b).

In April, 1957 appellant instituted a summary action in the pending bankruptcy matter, seeking a judgment against appellee, Mrs. LeGere, her husband, Grodin and Kothe to the effect that the legal title to the rights under the agreements were vested in Harper, Trustee, and to enforce such rights against the named parties.

Upon hearing a Judge of the United States District Court, on September 9, 1957, held that that court had no jurisdiction to adjudicate such matters as to the appellee and that Harper, Trustee, "as relegated to the suit already filed by him * * * in the District Court of Dallas County."

On May 19, 1958, in a summary proceeding in the bankruptcy case a consent judgment was rendered by the United States District Court, decreeing that Mrs. LeGere, her husband and Grodin had no claims of ownership of the legal title to Cole's rights under the contracts involved in this litigation.

Cole died June 24, 1957.

Appellant appears to take the position that Cole's rights under the contracts, which form the basis of this litigation, vested in him by operation of law and that he is entitled to enforce specific performance and to a reassignment of the interests in these properties described in the contracts, and that Grodin, Mrs. LeGere and Kothe had no ownership of the rights conferred on Cole by the contracts because their assignments were made by Cole in violation of Article IV of such contracts.

As has been stated herein, Cole had conveyed to Kothe an undivided 15/16ths interest and a 1/16th interest to Mrs. LeGere and later an undivided 15/16ths interest to Grodin for a total consideration in excess of $29,000.

■ The trustee takes only such property that belongs to the bankrupt. 4 Collier on Bankruptcy, 980; In re Midwest Tar Products Company, D.C., 150 F.Supp. 163.

Section 70, sub. b of the Bankruptcy Act (11 U.S.C.A. § 110, sub. b), provides that "within sixty days after the adjudication, the trustee shall assume or reject any executory contracts * * *" and failure to do so shall be deemed that the contract is rejected. In re Gravure Paper and Board Corp., 3 Cir., 234 F.2d 928.

■ We do not believe that Cole's original rights are now vested in the trustee, Cole having disposed of his rights prior to the bankruptcy proceedings, for a valuable consideration.

Since we believe that appellant does not own any interest or title in the rights granted to Cole and the contracts involved in this action, he is not entitled to an accounting. Askey v. Oliver Chilled Plow Works, Tex. Civ.App., 57 S.W.2d 210, er. dism.

There is no question but that Fikes is prejudiced by Cole's disposition of his rights under the contracts, if he had been so notified he doubtless would not be a party to this suit.

■ We are affirming the judgment of the Trial Court, believing it to be proper, because the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue as to any material fact and appellee is entitled to a judgment as a matter of law. Rule 166-A(c), Texas Rules of Civil Procedure.

It was shown by the affidavits of Mitchell, Fikes and Knop, which are attached to the Motion for Summary Judgment and which were not controverted, that Cole never notified any of the parties as required by Article IV of the contracts, and that they had no knowledge of the dispositions until some years thereafter.

The judgment of the Trial Court is affirmed.

Affirmed.