**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4268
_____

DALE D. KUNKEL,
                                        Appellant
v.

EUGENE S. JASIN; SAUCON VALLEY CUSTOM HOMES, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-00371)
District Judge:  Honorable J. William Ditter, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2011
Before:  SLOVITER, FISHER and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 29, 2011)
_____

OPINION
_____

PER CURIAM.

        Dale D. Kunkel appeals an order of the United States District Court for the

Eastern District of Pennsylvania granting summary judgment in favor of the defendants

in this copyright infringement action.  For the following reasons, we will affirm.

Because the parties are familiar with the background, we will present it here only in summary. Kunkel claims that he created certain architectural designs in the 1990s and that the defendants, Saucon Valley Custom Homes, Inc., and its president, Eugene S. Jasin (collectively "SVCH"), used those designs without permission in the construction of homes. In November 2001, Kunkel filed for bankruptcy. See In re: Kunkel, No. 01-25282 (Bankr. E.D. Pa.). He did not list the architectural designs on his Schedule B personal property form. The bankruptcy proceeding was closed in 2006. Meanwhile, Kunkel registered copyrights in the designs on February 13, 2003, May 18, 2007, September 11, 2007, and October 16, 2007.

In 2007, Kunkel filed an action against SVCH, attempting to assert claims based on the registered copyrights. The District Court granted SVCH's motion for summary judgment, holding that Kunkel's failure to include the designs on his Schedule B meant that they remained part of the bankruptcy estate, that the bankruptcy trustee was the real party in interest, and that Kunkel therefore lacked standing to recover for the alleged infringement of his copyrights. See Kunkel v. Jasin, No. 07-1241, 2007 WL 2407293 (E.D. Pa. Aug. 21, 2007). Rather than appeal, Kunkel moved to reopen his bankruptcy case. The Bankruptcy Court granted the motion and permitted Kunkel to amend his Schedule B to include the designs. Ultimately, on January 24, 2008, the Bankruptcy Court ordered that the designs be abandoned to Kunkel.

Kunkel filed the present copyright infringement action in January 2009.

2

SVCH filed a motion for summary judgment, alleging that Kunkel's registrations of the architectural designs were invalid because, at the time of those registrations, the designs were the property of the bankruptcy estate. The District Court agreed and granted the motion for summary judgment. Kunkel filed a motion for reconsideration, which the District Court denied. Kunkel filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion for summary judgment. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (amended Dec. 1, 2010). We review the facts in the light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

The Copyright Act provides that copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). Copyright infringement is established if the plaintiff proves that he owned the copyrighted work and that the copyrighted work was copied by the defendant. See Masquerade Novelty, Inc. v. Unique Industries, Inc., 912 F.2d 663, 667 (3d Cir. 1990). Pursuant to the Copyright Act, "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with

3

this title." 17 U.S.C. § 411(a). In addition, only "the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim . . . ."[1] 17 U.S.C. § 408(a); In re World Auxiliary Power Co., 303 F.3d 1120, 1126 (9th Cir. 2002); Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994). We have held that an otherwise valid registration is not jeopardized by inadvertent, immaterial errors in an application. See Raquel v. Educ. Mgmt. Corp., 196 F.3d 171, 177 (3d Cir. 1999), cert. granted and judgment vacated on other grounds, 531 U.S. 952 (2000). A misstatement is material if it "might have influenced the Copyright Office's decision to issue the registration." Raquel, 196 F.3d at 177. Indeed, the "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action." Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir. 1984) (quoting Russ Berrie & Co. v. Jerry Elsner Co., 482 F. Supp. 980, 988 (S.D.N.Y.1980)).

On the copyright registration forms, Kunkel indicated that he owned the architectural designs. Kunkel submitted each of the registration forms between the filing of his bankruptcy petition in November 2001 and the Bankruptcy Court's January 2008 order directing that the designs be abandoned to Kunkel. During that period, the designs

---

[1] Under the applicable regulation, "[a]n application for copyright registration may be submitted by any author or other copyright claimant of a work, or the owner of any exclusive right in a work, or the duly authorized agent of any such author, other claimant, or owner." 37 C.F.R. § 202.3(c)(1).

4

were the property of the bankruptcy estate. This is because, "[a]s a general matter, upon the filing of a petition for bankruptcy, 'all legal or equitable interests of the debtor in property' become the property of the bankruptcy estate and will be distributed to the debtor's creditors." Rousey v. Jacoway, 544 U.S. 320, 325 (2005) (quoting 11 U.S.C. § 541(a)(1). The bankruptcy estate includes assets that a debtor fails to schedule. See Hutchins v. IRS, 67 F.3d 40, 43 (3d Cir. 1995). Furthermore, the bankruptcy estate can encompass the debtor's intellectual property, such as interests in copyrights. See United States v. Inslaw, Inc., 932 F.2d 1467, 1471 (D.C. Cir. 1991).

Because the bankruptcy estate, not Kunkel, owned the designs at the time that Kunkel registered them with the Copyright Office, those registrations are invalid. Cf. Raquel, 196 F.3d at 177 ("Had the Register of Copyrights known that Raquel did not author the audiovisual work identified in its registration, it is likely that this rather fundamental misstatement would have occasioned the rejection of Raquel's application."). Without valid registrations, Kunkel cannot maintain a copyright infringement action against SVCH. Apparently conceding that he did not own the copyrights, Kunkel asserts that he "was legally entitled to register the copyrights as the author[,] which had no effect on the ownership rights of the bankruptcy estate." In support of this argument, Kunkel notes that he checked a box on the registration form indicating that he was the "author" of the work, rather than the box designated for use by the "owner of exclusive right[s]." For purposes of this case, however, the distinction

5

between an "author" and an "owner" is not relevant. What is critical is that Kunkel did not have the right to register the copyrights at the time the registrations were submitted to the Copyright Office.

Kunkel also relies on the theory that, upon abandonment of an asset that was part of a bankruptcy estate, the property revests in the debtor, who is treated as having possessed the property continuously. See In re Gravure Paper & Board Corp., 234 F.2d 928, 930-31 (3d Cir. 1956). Thus, according to Kunkel, because his "interest in the copyrights and architectural plans revert[ed] back to [him] as if the bankruptcy had never been filed and [he] is to be treated as if they had remained with him at all times," the "copyright registrations are and have been in full force and effect since the time they were obtained . . . ." We agree with the District Court's refusal to apply the doctrine of "relation back" here, however. Kunkel failed to include the copyrights on the appropriate bankruptcy schedule, certified to the Copyright Office that he owned the copyrights when in fact they belonged to the bankruptcy estate, and belatedly regained possession of the copyrights only by seeking reopening of his bankruptcy case. See Wallace v. Lawrence Warehouse Co., 338 F.2d 392, 394 n.1 (9th Cir. 1964) ("[Relation back] is a fiction, and a fiction is but a convenient device, invented by courts to aid them in achieving a just result. It is not a categorical imperative, to be blindly followed to a result that is unjust."). Under these circumstances, we believe that the District Court properly granted summary judgment in favor of SVCH.

6

For the foregoing reasons, we will affirm the judgment of the District Court.