**AFFIRMED; and Opinion Filed July 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00756-CR

### GARY DEWAYNE HILL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1453561-U

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

This appeal follows a jury conviction and court-assessed twenty-five year enhanced sentence for robbery. In two issues, Gary Dewayne Hill asserts the trial court erred in allowing into evidence hearsay statements of his co-defendant, Elijah Haywood, and in failing to grant a mistrial after the prosecutor asked the lead detective more than once if he believed Hill was guilty of the offense. We affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The robbery occurred in an Ace Cash Express Store just after closing on March 21, 2014. The manager, Shunda Small, and a trainee, Joyce Jordan, were walking out the door when Hill, Haywood, and a third man made their way into the store, demanded money from the safe, and

threatened to kill them if they did not comply. The robbery was interrupted, however, when the police, alerted by Small who triggered a panic alarm, arrived minutes later. The men fled to a nearby field, but after a brief pursuit, Hill and Haywood were caught and arrested. The third robber escaped.

Following the arrests, Hill and Haywood were held in separate squad cars while the arresting officers searched the field for items the officers saw Hill and Haywood discard as they fled from the store. In the field, the officers found several items used during the robbery, including gloves, an air pistol, and a shirt. Hill's cell phone was also seized, and text messages on the phone to and from Haywood and a third person showed the men had planned the robbery over a period of time.

Hill and Haywood were tried separately, and neither testified at Hill's trial.

## II. ADMISSION OF CO-DEFENDANT'S STATEMENT

Hill's first issue stems from statements Haywood made to the officer tasked with watching Haywood while the arresting officers searched the field. The record reflects Haywood commented to the officer "this is my first time - - my first offense down here" and asked "what kind of time do you think I'll get down here?" Haywood also asked the officer, "did you only catch the two of us, my cousin and me?" The statements were made about ten minutes after the officer began watching Haywood and were made "out of the blue," as the officer had not been talking to Haywood. The officer did not respond to either question, did not record the statements, and did not make a report.

Seeking to introduce into evidence Haywood's comment and questions to the officer, the State called the officer as a witness. Asserting in relevant part that Haywood's hearsay statements were testimonial because Haywood was in custody, Hill objected their admission would violate his rights under the Confrontation Clause. The trial court, however, concluded the

statements were non-testimonial and allowed the officer to testify about them. Hill contends this ruling was error and, because the statements were "definitive and persuasive evidence" establishing Hill was one of the robbers, argues further that the admission of them contributed beyond a reasonable doubt to his conviction.

*A. Applicable Law*

The Confrontation Clause of the Sixth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, ensures the reliability of evidence against a criminal defendant by affording the defendant the right to cross-examine the witnesses against him. *See* U.S. CONST. amend VI; *Crawford v. Washington*, 541 U.S. 36, 61 (2004); *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013). It was designed to prohibit the use of ex parte examinations as evidence against a defendant and applies to out-of-court, hearsay statements by individuals who "bear testimony," that is, who make a formal or solemn statement "for the purpose of establishing or proving some fact" against the defendant. *Crawford*, 541 U.S. at 50-51.

Under the Confrontation Clause, a hearsay statement that is testimonial and made by a non-testifying declarant is inadmissible as evidence against the defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 59, 68; *Woodall v. State*, 336 S.W.2d 634, 642 (Tex. Crim. App. 2011). Although the term "testimonial" has not been defined, it includes (1) prior testimony before a grand jury, at a preliminary hearing, or at a former trial; (2) statements made during police interrogations that have as a primary purpose establishing past events potentially relevant to later criminal prosecution rather than attending to an "ongoing emergency;" and (3) statements made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 51-52, 68; *Davis v.*

*Washington*, 547 U.S. 813, 822 (2006); *see also Neal v. State*, 186 S.W.3d 690, 692-93 (Tex. App.—Dallas 2006, no pet.) (noting other appellate courts, in determining whether statement to police is testimonial, have considered whether interaction with police was initiated by declarant and whether statement was (a) official and formal in nature; (b) spontaneous; and (c) in response to preliminary question by police while assessing and securing crime scene). Statements under the last two categories need not be sworn, but they must be made under circumstances that impart some degree of formality. *See Davis*, 547 U.S. at 830 & n.5. Statements that are a deliberate retelling of how past events began and progressed or are made "some time after the described events were over," in a place separate from the crime scene or the defendant, and with the risk of being prosecuted for lying have been found to be "formal enough." *Id.* at 830 & n.5.

### *B. Standard of Review*

An appellate court reviews *de novo* a ruling as to whether a statement is testimonial. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). In determining whether a statement is testimonial, the reviewing court looks at all the relevant circumstances and inquires whether an objectively reasonable declarant standing in the shoes of the actual declarant would anticipate his statement being used against the accused in investigating and prosecuting the crime, that is, whether the "primary purpose" of the conversation was to "creat[e] an out-of-court substitute for trial testimony." *See Ohio v. Clark*, 135 S.Ct. 2173, 2180 (2015); *Michigan v. Bryant*, 562 U.S. 344, 369 (2011); *Wall*, 184 S.W.3d at 742-43 & n. 45. Because a violation of the Confrontation Clause is constitutional error, a reviewing court must reverse the trial court's judgment unless it determines beyond a reasonable doubt the error did not contribute to the defendant's conviction or punishment. *See* TEX. R. APP. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010).

*C. Application of Law to Facts*

Viewing the relevant circumstances, we conclude Haywood's comment and questions to the officer were non-testimonial and did not implicate the Confrontation Clause. Unlike the ex-parte examinations the Confrontation Clause was designed to exclude, Haywood's statements were not instigated or facilitated by the officer, and the officer was not acting with the purpose of collecting evidence against Hill. In fact, the officer did not even speak with Haywood or record the statements. Further, although Haywood was under arrest at the time, the statements were made at the scene in an informal, unstructured setting, did not detail the events and Hill's role leading to and during the robbery, and were unsolicited and spontaneous. On the record before us, we conclude the "primary purpose" of Haywood' statements was not to "creat[e] an out-of-court substitute for trial testimony." *See Clark*, 135 S.Ct. 2180. Accordingly, the trial court did not err in allowing the officer to testify as to Haywood's statements. *Compare*, *e.g.*, *Wilson v. State*, 151 S.W.3d 694, 698 (Tex. App—Fort Worth 2004, pet. ref'd) (appellant's girlfriend's statements to officer non-testimonial where girlfriend initiated interaction with officers and officers did not interrogate her or pose "tactically structured" questions regarding "known criminal activity") *with Lee v. State*, 143 S.W.3d 565, 566, 569-71 (Tex. App.—Dallas 2004, pet. ref'd) (co-defendant's statement to officer in response to officer questioning during traffic stop after appellant had been arrested testimonial). We decide Hill's first issue against him.

## II. FAILURE TO GRANT A MISTRIAL

Hill's second issue stems from the prosecutor's direct examination of the lead detective. After eliciting testimony from the detective that he interviewed both Small and Jordan, reviewed the evidence collected from the field, and reviewed Hill's cell phone records and text messages, the following exchange occurred:

Q.     And based on your training and experience, do you believe beyond a reasonable doubt that Gary Hill was the big guy with the taser in the store that night?

[DEFENSE COUNSEL]:     That's calling for bolstering.  We are going to object to it.

[THE COURT]:     Sustained.

Q.     Based on your training and experience, do you believe that Gary Hill was in the store that night?

[DEFENSE COUNSEL]:     Same objection.

[THE COURT]:     Sustained.

[DEFENSE COUNSEL]:     Your honor, I'm going to – due to the cumulative nature of the questions by the State and the Court's ruling I ask you to instruct the jury to disregard.

[THE COURT]:     The jury will be instructed to disregard the last questions of the State as well as any re – or there were no responses.  So any objections from – or statements – questions made from the State in the last two questions.

[DEFENSE COUNSEL]:     Law requires me to move for a mistrial to preserve error.

[THE COURT]:     And that is denied at this time.

[DEFENSE COUNSEL]:     Thank you.

[THE COURT]:     You may proceed.

Q.     During the course of your investigation, do you believe that Elijah Haywood and Gary Hill know one another?

[DEFENSE COUNSEL]:     Objection.

[THE COURT]:     Objection is going to be sustained.  I ask that you move on from this line of questioning.  And the jury is again instructed to disregard the last question of the State.

Hill contends the trial court erred in refusing to grant a mistrial following the second question and the prosecutor's asking the third question demonstrates harm.  He argues the prosecutor's questions "violated a basic presumption of the American jury trial system – juries

–6–

determine if an accused is guilty, not witnesses – particularly police witnesses." Further, Hill asserts the prosecutor was "clearly seeking to use clearly inadmissible evidence to persuade the jury [he] was guilty," a tactic "str[iking] at the very essence of the trial system" and warranting reversal of the conviction and a remand for a new trial.

## A. Applicable Law

A mistrial is a device used to stop a trial "when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). It is proper only in "extreme circumstances" when "residual prejudice remains" after "less dramatic alternatives;" such as an instruction to disregard, are explored or when "an obvious procedural error" occurs. *See Pierson v. State*, 426 S.W.3d 763, 775 (Tex. Crim. App. 2014); *Ladd*, 3 S.W.3d at 567; *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006).

## B. Standard of Review

A trial court's ruling on a motion for mistrial is reviewed for abuse of discretion in light of the arguments before the trial court at the time of the ruling. *Archie v. State*, 340 S.W.3d 734, 738-39 (Tex. Crim. App. 2011); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). In determining whether the trial court abused its discretion, the reviewing court does not conduct a separate harm analysis. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Instead, the reviewing court balances the severity of the misconduct, any curative measures by the trial court, and the certainty of the conviction absent the misconduct. *See id.* The appellate court will uphold the trial court's ruling so long as the ruling is within the zone of reasonable disagreement. *Barnett*, 161 S.W.3d at 134. In the context of an improper question being asked of a witness, a trial court will seldom abuse its discretion in denying a request for a mistrial

where it has instructed the jury to disregard because, in most cases, the instruction will cure any error. *See Ladd*, 3 S.W.3d at 567.

## *C. Application of Law to Facts*

Hill complains the prosecutor's questions invaded the jury's province by seeking comment on his guilt. Although he did not specifically argue this at trial and we are to review the trial court's refusal to grant a mistrial in light of the arguments before the trial court, we assume without deciding that his objection at trial preserved error.[1] *See Wead*, 129 S.W.3d at 129.

Hill is correct that whether a defendant is guilty is a conclusion to be reached by the factfinder. *See Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974); *DeLeon v. State*, 322 S.W.3d 375, 383 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Nonetheless, on the record before us, we cannot conclude the trial court's instructions to disregard did not cure any prejudicial effect from the prosecutor's conduct and the trial court abused its discretion in refusing to grant a mistrial. *See Hawkins*, 135 S.W.3d at 77 (whether mistrial should have been declared conducted in light of curative instruction); *see also Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (jury instruction to disregard generally sufficient to cure trial errors and presumed to be followed). The record reflects Hill objected before the detective could answer any of the questions, the trial court sustained the objections and promptly instructed the jury to disregard, and ample evidence, including Hill's cell phone records and his fleeing the scene, linked Hill to the robbery. *Compare Boyde*, 513 S.W.2d at 590, 593 (murder conviction reversed where prosecutor asked officer twice whether he believed appellant was guilty; appellant objected each time before officer responded; trial court sustained each objection and

---

[1] "Bolstering" is "any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantially contributing "to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (emphasis in original).

instructed jury to disregard; officer had testified he spoke with appellant after arrest; and prosecutor placed before jury several other impermissible matters) *with Hernandez v. State*, 454 S.W.3d 643, 648-50 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (accomplice's untranslated Spanish testimony that he committed two aggravated robberies with appellant did not warrant mistrial even where two jurors understood Spanish; entire jury did not hear testimony, trial court identified Spanish-speaking jurors and instructed them to disregard and not discuss the testimony with other jurors, and appellant did not point to any evidence suggesting jurors failed to follow instruction) and *Huffman v. State*, 691 S.W.2d 726, 730 (Tex. App.—Austin 1985, no pet.) (per curiam) (asking officer whether he believed appellant was guilty and officer's affirmative response were not of "such character as to suggest impossibility" that instruction to disregard could not "withdraw[] whatever prejudicial impression was produced on [jury's] mind"); *see also Valdez v. State*, 623 S.W.3d 317, 321 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g) (though flight alone will not support guilty verdict, it is circumstance from which guilt can be inferred). We decide Hill's second issue against him.

### III. CONCLUSION

Having decided Hill's two issues against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150756F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GARY DEWAYNE HILL, Appellant

No. 05-15-00756-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1453561-U.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 22nd day of July, 2016.